Michelle Barton Smigel, P.C., OSB No. 045530
michelle.smigel@millernash.com
Michael Porter, P.C., OSB No. 003560
mike.porter@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  503.224.5858
Facsimile:  503.224.0155

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BRANDON AUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF OREGON; SANDY WEINTRAUB; CHICORA MARTIN; ROBIN HOLMES; and MICHAEL R. GOTTFREDSON, all in their individual capacities only,<br><br>    Defendants. | Case No. 6:15-cv-02257-MC |
| DOMINIC ARTIS and DAMYEAN DOTSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNIVERSITY OF OREGON; SANDY WEINTRAUB; CHICORA MARTIN; ROBIN HOLMES; and MICHAEL R. GOTTFREDSON,<br><br>    Defendants. | Case No. 6:16-cv-00647-MC<br><br>DEFENDANTS' UNOPPOSED MOTION TO CONSOLIDATE AND SUPPORTING MEMORANDUM |

Page 1 -    Defendants' Unopposed Motion to Consolidate and Supporting Memorandum

70100110.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## LR 7-1 CERTIFICATION

The undersigned certifies that counsel for the parties have conferred and plaintiffs do not oppose defendants' request to consolidate the cases for purposes of hearing the motions to dismiss pending in both cases.

## MOTION

Defendants University of Oregon, Sandy Weintraub, Chicora Martin, Robin Holmes, and Michael R. Gottfredson (collectively, "Defendants") respectfully request that the court consolidate the action captioned *Artis et al. v. University of Oregon, et al.*, Case No. 6:16-cv-00647-MC, with the previously-filed action captioned *Austin v. University of Oregon et al.*, Case No. 6:15-cv-02257-MC, for hearing on Defendants' motions to dismiss all claims in both actions.

## MEMORANDUM

Federal Rule of Civil Procedure ("Fed R Civ P") 42(a) provides that a district court may consolidate "actions before the court [that] involve a common question of law or fact." "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court*, 877 F2d 777, 777 (9th Cir 1989); *see also In re Adams Apple, Inc.*, 829 F2d 1484 (9th Cir 1987) (the district court may consolidate cases *sua sponte*). "[I]n exercising its broad discretion to order consolidation of actions * * * [the district court] weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause," *Huene v. United States*, 743 F2d 703, 704 (9th Cir 1984), keeping in mind that "[t]he court may also consider the risk of inconsistent adjudications of common factual and legal issues." *Lopez v. Cook*, Nos. S-03-1605 KJM DAD, S-09-1760 MCE AC, 2014 WL 1024025, at *2 (ED Cal Mar. 14, 2014) (internal quotation marks and citations omitted).

Local Rule ("LR") 42 governs consolidation of cases in the District of Oregon. "It is the responsibility of counsel to identify * * * related cases and to bring the matter promptly to the attention of the Court." LR 42-2. "For good cause shown and consistent with Fed. R. Civ. P. 42, any party may file and serve a motion to consolidate." LR 42-3.

LR 42-3 sets forth the information and factors to be considered in a motion to consolidate:

**(1) The case number, case title, and assigned judge of every related case pending in the District of Oregon.**

    a.    Case Number:  6:15-cv-02257-MC

        Title:  *Brandon Austin v. University of Oregon; Sandy Weintraub; Chicora Martin; Robin Holmes; and Michael R. Gottfredson, all in their individual capacities only*

        Assigned Judge:  Honorable Michael McShane

    b.    Case Number:  6:16-cv-00647-MC

        Title:  *Dominic Artis and Damyean Dotson v. University of Oregon; Sandy Weintraub; Chicora Martin; Robin Holmes; and Michael R. Gottfredson*

        Assigned Judge:  Honorable Michael McShane

**(2) The case number, case title, assigned judge, and court location of every other related case pending in any other state or federal court.**

There are no related cases pending in other state or federal courts, at this time.

**(3) The common question of law or fact at issue in each case.**

Plaintiffs' complaints arise out of the same set of material facts and share common questions of law. Both complaints allege that plaintiffs were falsely accused of jointly raping a fellow University of Oregon student in March 2014 and allege the same facts concerning the University's investigation of the reported rape and plaintiffs' subsequent administrative hearing. In fact, plaintiffs requested (and were granted) a consolidated administrative hearing due to the

Page 3 -    Defendants' Unopposed Motion to Consolidate and Supporting Memorandum

70100110.1

substantial overlap in the allegations against each plaintiff, underlying facts, and evidence necessary to conduct the hearing.  Underscoring the commonality of facts, the complaints filed in the two lawsuits are almost identical to one another.

Plaintiffs' complaints also present nearly identical questions of law.  The complaints share six causes of action (claims arising under 42 USC § 1983 (due process), 20 USC § 1681 (Title IX), and state common law (negligence, intentional infliction of emotional distress, intentional interference with prospective business advantage, and breach of contract)), which assert nearly identical underlying factual allegations.  Artis and Dotson's 42 USC § 1983 equal protection claim is the only claim not common to the complaints.  This claim, however, does not include any unique factual allegations, and it effectively reasserts Artis and Dotson's Title IX allegations, which are the same as Austin's Title IX allegations.  In addition, all plaintiffs seek the same type of relief.

**(4) The status in each case of all pending motions, Court imposed deadlines, case management schedules, trial dates, etc.**

On October 29, 2015, Plaintiff Brandon Austin initiated an action in Lane County Circuit Court.  Defendants removed the case to federal court on December 2, 2015, and the case was assigned to Judge Michael McShane.  On February 2, 2016, Defendants filed a motion to dismiss all claims; briefing on Defendants' motion was completed on March 25, 2016.  Defendants have requested oral argument on their motion, but a date has not yet been set for such arguments.  No discovery has been conducted.

On March 15, 2016, Plaintiffs Artis and Dotson initiated a nearly identical separate action in Lane County Circuit Court.  Defendants removed the case to federal court on April 14, 2016, and it was initially assigned to Magistrate Judge Jolie Russo.  It has since been reassigned to Judge McShane.  On May 2, 2016, Defendants filed a motion to dismiss all claims.  Defendants requested oral argument on this motion.  Plaintiffs' response is currently due on May 19, 2016, though plaintiffs' have indicated that they intend to request a 30-day extension to

file their response, which Defendants do not oppose.

**(5) The reason that the cases should be reassigned and managed by a single judicial officer.**

Consolidating these cases would result in savings in time and other resources for the court in hearing oral arguments and ruling on Defendants' motions. For this reason, consolidation advances the court's interest in judicial economy.

Plaintiffs will not be negatively affected by consolidating these cases for the purpose of hearing Defendants' motions to dismiss. Due to the significant similarities between the complaints, including plaintiffs' asserted grounds for relief, there is no indication that plaintiffs in either case will be prejudiced by consolidation. Moreover, that Artis and Dotson co-filed their claims against Defendants is strong evidence that consolidation will not prejudice plaintiffs.

Although Defendants' motion to dismiss Austin's claims has been fully briefed, oral argument has not yet occurred, nor has the court adjudicated any issues in the case. Defendants request that the court delay oral argument of its motion to dismiss Austin's claims until such time as Defendants' motion to dismiss Artis and Dotson's complaint is fully briefed, after which the two actions may proceed in one consolidated proceeding for the purpose of hearing Defendants' motions to dismiss.

**(6) The position of the other parties, if known.**

Attorneys for all plaintiffs do not oppose consolidation.

**(7) The scope of consolidation requested, e.g., for hearing on a motion; for pretrial and discovery; or for all further proceedings, including trial.**

Defendants request that the court consolidate these two cases for the purpose of hearing Defendants' motions to dismiss. Defendants also reserve the right to request consolidation of further proceedings in these matters.

## CONCLUSION

Consolidating two pending cases that arise from the same alleged factual background and assert essentially the same legal claims is consistent with the district court's authority and promotes judicial economy. Defendants respectfully request that the court grant its motion to consolidate these two cases for the purpose of Defendants' motions to dismiss and accordingly delay oral arguments in Defendants' pending motion to dismiss Austin's complaint until such time as it can be set in conjunction with oral arguments in Defendants' motion to dismiss Artis and Dotson's complaint.

DATED this 16th day of May, 2016.

MILLER NASH GRAHAM & DUNN LLP

*/s/Michelle Barton Smigel*
Michelle Barton Smigel, P.C., OSB No. 045530
michelle.smigel@millernash.com
Michael Porter, P.C., OSB No. 003560
mike.porter@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2016, I electronically filed the foregoing DEFENDANTS' UNOPPOSED MOTION TO CONSOLIDATE AND SUPPORTING MEMORANDUM with the Clerk of the Court using the CM/ECF system and that by doing so I served the foregoing on all parties of record in the subject case via CM/ECF system transmission.

DATED this 16th day of May, 2016.

/s/Michelle Barton Smigel
Michelle Barton Smigel, P.C., OSB No. 045530
*Attorneys for Defendants*

Page 1 -   Certificate of Service

70100110.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204