ALEX SPIRO, ESQ.
Brafman & Associates, P.C.
767 Third Avenue, 26th Fl
New York, NY 10017
Phone: (212)-750-7800
Fax: (212)-750-3906

**BRIAN MICHAELS**, OSB # 925607
259 East Fifth Avenue, Suite 300-D
Eugene, Oregon   97401
Telephone: 541.687.0578
Fax:          541.686.2137
 brian@brianmichaelslaw.com

                    **Attorney for Plaintiff**


                    UNITED STATES DISTRICT COURT
                       DISTRICT OF OREGON
                        EUGENE DIVISION

| | |
|---|---|
| DOMINIC ARTIS and<br>DAMYEAN DOTSON,<br><br>                    Plaintiffs,<br><br>      v.<br><br>UNIVERSITY OF OREGON; SANDY<br>WEINTRAUB; CHICORA MARTIN;<br>ROBIN HOLMES; and MICHAEL R.<br>GOTTFREDSON,<br>all in their individual capacities only,<br><br>                    Defendants. | **Case No.  16-CV-00647**<br><br>DECLARATION OF<br><br>BRIAN MICHAELS |


Undersigned BRIAN MICHAELS does hereby depose and swear, under penalty of perjury:

1.  Undersigned Counsel is local counsel for plaintiffs. These statements are based upon my personal knowledge.

2.  Attached hereto are the newly redacted exhibits originally filed in Plaintiffs' Supplemental Memorandum. These Exhibits represent the exact exhibits filed in Document 31, with only the redactions being different.

3. This submission is consistent with this Court's Order in Document 33.

Undersigned hereby declares the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and subject to penalty for perjury.

**RESPECTFULLY SUBMITTED** this 8th day of September 2016,
BY:

_____s/ BRIAN MICHAELS_____
BRIAN MICHAELS OSB 925607
Attorney For Plaintiffs

# EXHIBIT A

# LAW OFFICE OF LAURA FINE MORO, P.C.

Laura Fine Moro
541 Willamette Street, Suite 403
Eugene, OR 97401

Phone: (541) 341-4542
Fax:    (541) 341-4543
E-Mail: Finelaw@qwestoffice.net

May 13, 2014

Douglas YS Park
Office of the General Counsel
1226 University
Eugene, OR 97403

Re:    **Request for Hearing - Brandon Austin**

Dear Mr. Park:

My client denies the allegations made against him by the University and understands that his hearing is set for May 30, 2014 at 9am. By this letter, I am affirming that my client requests a hearing.

Although he does not intend to return to the University of Oregon, he does hope to leave Oregon with a transcript which will allow him entry into other universities and which grants him credit for the courses he was enrolled in this term (assuming he passes the courses). If we are unable to reach this sort of resolution by negotiation, Mr. Austin requests a hearing which complies with the requirements of ORS 351.088 and ORS 183.413 - .497 and .502.

ORS 351.088 limits the application of ORS ch. 183 (OAPA) to adjudicative procedures administered by public universities, such as the University of Oregon. Notwithstanding ORS chapter 183, the State Board of Higher Education or any public university listed in ORS 352.002 may, by rule, establish adjudicative procedures that are consistent with federal and state constitutional requirements and other provisions of law. However, the adjudicative procedures shall be consistent with ORS 183.413 to 183.497 and 183.502 whenever the type of hearing or procedure required is substantially of the character that would necessitate the procedures required by ORS 183.413 to 183.470.

ORS 183.413 -.497 and .502 set out the required procedures for contested cases. The language plainly requires that if a matter is substantially of the character of a contested case, then the procedures utilized must be consistent with the procedures required in contested cases.

ORS 183.310(2)(b) defines a contested case as a proceeding in which an agency "has discretion to suspend or revoke a right or privilege of a person." This definition is echoed by the University's own administrative rule, OAR 571-002-0000(1)(b).

( )                                              ( )

Request for Hearing - Brandon Austin
May 12, 2014
Page Two of Three

The courts have consistently held that a decision to dismiss a student from a state university, by way of suspension, expulsion or otherwise, is "'a discretionary action that revokes a student's privilege to attend the university.' *Patton v. St. Bd. Higher Ed.*, 59 Or App 477, 651 P2d 169 (1982)." *Morrison v. UOHSC*, 68 Or. App. 870, 872, 685 P.2d 439 (1984) As such, a proceeding which may result in the suspension or revocation of a student's right or privilege to attend the University of Oregon is, at least, "substantially of the character" of a contested case as contemplated by ORS 351.008 and defined ORS 183.310(2)(b) (and OAR 571-002-0000(1)(b)), and thus necessitates procedures consistent with those required by ORS 183.413 - .497 and .502.

To be consistent with the statutory requirements, those procedures must include:
- a. Representation by counsel (ORS 183.417(1)),
- b. Testimony of witnesses under oath (ORS 183.417(7)),
- c. Depositions (ORS 183.425),
- d. Issuance of subpoenas on behalf of a party (ORS 183.440),
- e. Cross-examination of witnesses (ORS 183.450(3)), and
- f. Judicial review (ORS 183.480)).

Proceedings under the Student Conduct Code, OAR 571-021-0100, et seq., are not consistent with the above statutory requirements. The procedures afforded my client by a contested case hearing will result in a more complete and informative hearing and a more rational and well informed decision. It is troubling that the panel to hear my client's case and decide his fate was hand picked by the University, who's president has already publically and explicitly condemned all three of the students under charge. Lack of subpoena power results in a hearing of the witnesses the University wishes to hear from, not from witnesses for my client. Specifically, we would call numerous persons who were present at the party and saw how Ms. REDACTED interacted with my client and his friends both before and after her alleged rapes in the bathroom.

Failure to accord these procedures to my client also denies him adequate assistance of counsel. The ability to develop the evidence to show that there was objective consent given in the face of MissREDACTED claim will be complex and beyond the ability of a young college student...if not many attorneys. And frankly, it's just plain clumsy to represent yourself. My client simply does not have the skill set to know how to present evidence on his own behalf and with my hands tied, he will be denied an adequate opportunity to be heard.

Further, the lack of disclosure to my client of names, contact information, and substance of statements made by persons interviewed by Darcy Heroy prevents him from adequately preparing his case and discovering exculpatory witnesses.

Request for Hearing - Brandon Austin
May 12, 2014
Page Three of Three

For these reasons, Mr. Austin objects to any proceeding which may result in his suspension or expulsion from the University of Oregon which is not consistent with the requirements of ORS 351.088 and ORS 183.413 - .497 and .502.

In the event that our request for this contested case hearing is denied, we are prepared to file a mandamus requesting that the Court order you to do so.

Please give me a call if you feel we could avoid the contested case hearing by reaching a mutually agreeable resolution.

Sincerely

Laura Fine Moro
Attorney at Law

cc:     Brandon Austin, Shaun McCrea, Greg Veralrud

# EXHIBIT B

### VERALRUD & FOWLER
#### ATTORNEYS

Gregory E. Veralrud
Lindsay H. Fowler

975 Oak Street, Suite 625
Eugene, Oregon 97401-3156
Telephone (541) 345-3333
Fax (541) 342-1908

William F. Frye
(1929-1988)

May 13, 2014

Doug Park
Office of the General Counsel
University of Oregon
Eugene, OR 97403

Re:    Student Conduct Code Violation Hearing for Dominic Artis, et al
       Scheduled May 30, 2014

Dear Mr. Park:

Pursuant to OAR 571-021-0210(8), Mr. Artis requests that the University issue subpoenas requiring the attendance of the following witnesses in order that their testimony may be adduced at hearing:

1.    Det. Ben Hall
      Eugene Police Department
      300 Country Club Rd.
      Eugene, OR 97401
      541-682-5111

We request that this subpoena be issued duces tecum requiring Det. Hall to attend and to also bring with him:

a. The audiotape recordings made by the complainant    REDACTED    wherein she secretly tape recorded her conversations about her allegations of sexual misconduct against Dominic Artis and Damyean Dotson.

b. A copy of    REDACTED    recollection of the events which she recorded on her laptop computer and provided to Det. Hall.

c. Any handwritten notes Det. Hall took during his investigation of the allegations of sexual misconduct against the above-named students by    REDACTED    .

The documents requested of Det. Hall would be meaningful for the hearings panel in that they will show statements tending to support the contentions of



Doug Park
May 13, 2014
Page 2

Dominic Artis, Damyean Dotson and Brandon Austin that any sexual contact was consensual. Det. Hall can also testify as to numerous inconsistencies and con- tradictions in the statements given by   REDACTED   regarding her sobriety, her explanations and descriptions of the events and conversations leading up to any sexual contact between Ms.REDACTED  and the three named in her complaint, as well as the actual actions, words and behavior of all those involved during sexual contact.

2.          REDACTED
        Student, University of Oregon
        REDACTED
        REDACTED @uoregon.edu

    Ms. REDACTED was with   REDACTED   on the evening these alleged non- consensual sexual contacts occurred. It's anticipated her testimony will contradict Ms. REDACTED on the following points: (a) Ms.REDACTED will describe Ms. REDACTED as flirtatious with Mr. Artis and Mr. Dotson; (b) Ms. REDACTED was not visibly intoxicated and had had less to drink than Ms. REDACTED later claimed to police; and (c) Ms. REDACTEDwas adamant about not accepting the ride Ms. REDACTEDhad arranged for her and instead stayed so she could go by cab with the accused. Ms. REDACTED will also contradict Ms. REDACTED claim that she was placed into a headlock by one of the three accused in a claimed ef- fort to keep her from taking the offered ride home. It's anticipated that this testimony will be circumstantial evidence of the inaccuracy of Ms. REDACTED subsequent complaint that she was subjected to non-consensual sexual conduct before the ride in the cab.

3.          REDACTED
        Student, University of Oregon
        Member, U of O Men's Basketball Team, U of O Athletic Dept.

    REDACTED  i is a fellow member of the University of Oregon basketball team. It is anticipated he will testify as to Ms. REDACTED decision-making and behavior, both while getting into the cab with the three accused and her attitude and conversations while riding in the cab. It is also believed that Mr. REDACTEDwas a witness to some of the sexual activity that occurred at Mr. Artis' and Mr. Dotson's apartment after the cab dropped them off. It is anticipated Mr. REDACTEDwill testify that the sexual activity he was aware of appeared to be consensual.

4.          REDACTED
        Student, University of Oregon
        REDACTED
        REDACTED @uoregon.edu

Doug Park
May 13, 2014
Page 3

     REDACTED    is a student at the University of Oregon, does some type of administrative work for the athletic department and is also an acquaintance of REDACTED REDACTED . It is anticipated Ms. REDACTED will testify (a) Ms. REDACTED talked to her on at least two different occasions regarding the alleged forced sexual contact by the three accused and on the first such occasion, Ms. REDACTED did not make any complaint that she had resisted any sexual overture by any of the accused, had ever protested or complained that they were removing her clothing or touching her against her will; and (b) some  days later, Ms. REDACTED was surprised to hear Ms.REDACTED describe the incident with inclusions that she had told the three accused that she did not want to have sexual contact with them and that they were attempting to remove her clothing against her physical efforts to keep them on.

    5.    Joshua Davey
         893 W. 5th Ave., #2
         Eugene, OR 97401
         541-431-0749 (message)
         bwouns@juno.com

    Joshua Davey is the cab driver who picked up the three accused and the complainant from the party. It is anticipated he will testify (a) he recalled there being some type of argument between Ms. REDACTED and others outside the apartment where the party took place as to her refusal to get a ride home with her friends and her insistence on riding in the taxicab with the three accused; (b) he observed no consumption of alcohol in the cab, and the conversation in the cab was amicable and involved sports activities; and (c) his characterization of Ms. REDACTED attitude that evening was that she was excited to be in the vehicle with three Oregon basketball players and seemed content and happy.

    6.    REDACTED
         Student, University of Oregon
         Member, U of O Men's Basketball Team, U of O Athletic Dept.
         REDACTED
         REDACTED @uoregon.edu

    REDACTED is a member of the University of Oregon basketball team. It is anticipated he will testify that later in the afternoon of the same day the alleged sexual misconduct occurred, Ms. REDACTED came to the apartment he shares with fellow basketball team member  REDACTED   Ms. REDACTED has made statements to the police that she told Mr. REDACTED she had been sexually assaulted by the three accused. Mr.REDACTED will provide his recollection of his conversation with Ms. REDACTED when she appeared at his

Doug Park
May 13, 2014
Page 4

apartment. It is anticipated he will testify (a) Ms. REDACTED was looking for REDACTED
(b) Ms. REDACTED decided not to come into the apartment because Mr. Artis and Mr. Dotson were present; and (c) Ms. REDACTED did not leave, but waited outside the apartment.

      7.     REDACTED
            Student, University of Oregon
            Member, U of O Men's Basketball Team, U of O Athletic Dept.
            REDACTED@uoregon.edu

REDACTED is a member of the University of Oregon basketball team. It is anticipated Mr. REDACTED will testify (a) he had met Ms. REDACTED a day or two prior to the party; (b) he had texted her to tell her there was a party going on and invited her to come; (c) they had no contact at the party; (d) at his apartment the afternoon of the next day he found Ms. REDACTED waiting outside; (e) he invited her in and, notwithstanding the presence of Mr. Artis and Mr. Dotson, he had a pleasant conversation with Ms.REDACTED that led to sexual intercourse with him while Mr. Artis and Mr. Dotson were present in another room at the apartment.

      8.     REDACTED
            Student, University of Oregon

REDACTED is a student at the University of Oregon and an acquaintance of Ms. REDACTED. It is anticipated Ms. REDACTED will testify (a) she originally went out with Ms. REDACTED and another individual; and (b) while she did not end up going to the party, when she last saw Ms. REDACTED, Ms. REDACTED did not appear to be intoxicated and Ms. REDACTED believes Ms. REDACTED may have had one to two shots of alcohol.

      9.     REDACTED
            Student, University of Oregon
            REDACTED

REDACTED is a student at the University of Oregon. Ms. REDACTED observed Ms. REDACTED and two of the accused students in a bathroom at the party. Her description may contradict the description of Ms. REDACTED regarding events in the bathroom. It is anticipated Ms.REDACTED will further testify (a) Ms. REDACTED left the bathroom freely and returned to the bathroom freely, directing Ms. REDACTED not to follow her; (b) Ms.REDACTED witnessed the efforts of Ms. REDACTED friends to get her to ride home with a mutual acquaintance rather than go by taxicab with the accused students; (c) it was obvious Ms. REDACTED had made up her mind to remain with the accused students and ride with them; and (d) she received a text message from Ms. REDACTED the following morning that asked Ms. REDACTED how her evening had gone. Ms.REDACTED replied, asking Ms.REDACTED how her

Doug Park
May 13, 2014
Page 5

evening had gone. Ms. REDACTED responded that her evening had been "very interesting,
ha ha."

Although the hearing is set to begin at 9 a.m., as far as Mr. Artis is concerned (and I
represent to University counsel that this is also the position of the other two young men
accused), it is not anticipated the three accused will be asking questions of these wit-
nesses until late morning or early afternoon of the hearing date.  If it's anticipated that
the hearings panel may want to ask questions of these witnesses earlier, then they
should be required to appear at the commencement of the hearing.

I would appreciate you letting me know whether or not the University will be complying
with its obligations to issue these subpoenas.  As I understand the rule, the Oregon
statute (ORS 183.445(2)) allows the University to issue the subpoenas on its own mo-
tion.  The OAR directs the University to issue those subpoenas at the request of one of
the parties.  To that end, I appreciate your courtesies.

I anticipate that you will forthwith be hearing from the advisers for the other two accused
students, indicating their joinder in this request for subpoenas.

                              Sincerely,


                              Greg Veralrud
                              Adviser to Dominic Artis


GV:tlk

# EXHIBIT C

## Laura A. Fine

| | |
|---|---|
| **From:** | veralrud@oregonattorney.com |
| **Sent:** | Thursday, May 22, 2014 4:46 PM |
| **To:** | Laura Fine; Shaun McCrea |
| **Subject:** | [FWD: RE: Damyean Dotson- settlement proposal] |

my letter

-------- Original Message --------
Subject: RE: Damyean Dotson- settlement proposal
From: <veralrud@oregonattorney.com>
Date: Thu, May 22, 2014 2:03 pm
To: "Douglas Park" <dougpark@uoregon.edu>

Doug-
I'm trying to summarize our discussion today for Dominic.  To be clear: !) a non specific request from another university for records for a former UofO student being considered for admittance would yield a transcript without any info relating to student conduct issues; 2)assuming an agreement, if a more specific request for the conduct file is made, the university would send a copy of the complaint, the waiver of panel hearing, the finding of the administrator and the fact of suspension.  Could the record provided to a requesting school contain more if agreed by the parties?  Wouldn't the student have to agree to a release of such info before UofO responded with more than a basic transcript (I'm assuming the new school could require such a release from the applicant as part of the application process)?
Some considerations if we don't reach agreement:
Has the hearing panel been chosen?  If so, is there a panel head?
I have investigative reports covering similar territory to that covered in Darci's report.  Sandy tells me that her report will be provided to the panel.  If I submit the reports I've gathered, will the panel be provided them as well (I will tell you that some of the info is consistent with Darci's, some is not).
I advised Sandy when reviewing her report that the references'to Title IX considerations and criteria was confusing and asked that those references be removed from the final report.  Is that agreeable?
Has the university subpenaed those witnesses set forth in my request last week?  If not, will it be done if we go forward?
Is this proposal an all or none proposition?  We've all approached this thus far as if all three of the young men were in exactly the same posture.  While there are certainly common issues of procedure and proof, there are some factual differences (and the complaining student might well agree as I read her reported statements).  Dominic was not involved in the initial "bathroom" sexual contact and would not have seen nor heard anything that might be construed as a protest or evidencing lack of consent during that interlude.  He was described by the complainant as more concerned about her when her dislike of what was happening unquestionably was perceived at the apartment.  He was her consensual partner in sexual activity the next morning...and I appreciate she may describe that differently...but it squares with her eventual admission to the police and Dominic's perception of what was happening).  I don't want to abandon an argument for individual consideration either at hearing or in this negotiation process (and I have a concern that requiring these cases to be heard together violates the student privacy right Dominic is entitled to not to mention the prejudice to fair assessment of individual culpability; more on that if necessary).  Let me know your thoughts.
I hope to have a full discussion with Dominic tomorrow so any response you have to these issues in the meantime is appreciated.
Regards, Greg Veralrud

# EXHIBIT D

## Laura A. Fine

| | |
|---|---|
| **From:** | Laura A. Fine <finelaw@qwestoffice.net> |
| **Sent:** | Friday, May 23, 2014 3:54 PM |
| **To:** | dougpark@uoregon.edu |
| **Cc:** | verairud@oregonattorney.com; 'Shaun McCrea' |
| **Subject:** | Evidence |

Hi Doug

As you know, we are copying each other on all correspondence with you to avoid duplicating effort and inundating you with requests/information.

I want to echo what Greg said about needing to have subpoenas issued. I previously joined in his request. He is absolutely correct about the audio tapes.
But in addition, REDACTED own friends told investigators that "she wasn't drunk" and "she wasn't that drunk." Another party goer waked in on them in the bathroom and saw REDACTED return to the bathroom, even after she was allegedly "raped."
This directly contradicts REDACTED allegations. Those witnesses need to be heard by the panel to help them determine matters of credibility.

Another example: REDACTED claims she was dragged and forced into a cab. Yet her friends told investigators that they tried to talk her out of going with the boys but she refused to go with them.
Their testimony directly contradicts her assertion and there is no earthly reason to exclude them from providing information to the panel.
Their testimony corroborates the boys' version of events and is absolutely relevant and necessary for the finder of fact.

You may have never issued subpoenas before, but the law contemplates it and the fact that you haven't done it before is not a justification for failing to do it now. Without compelling attendance of our witnesses, our clients will be denied a fair hearing.

On that note – have a great weekend.

Laura

Laura Fine Moro
Law Office of Laura Fine Moro, P.C.
541 Willamette Street, Ste 403
Eugene, OR 97401
(541) 341-4542 phone
(541) 341-4542 fax
www.LauraFineMoro.com

**NOTE**: This correspondence is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and may contain privileged and confidential material. It is intended to be read ONLY by the named recipient(s). If you have received this message in error please notify the sender and discard immediately. Any dissemination, distribution or copying of the communication is strictly prohibited.

*Admit Nothing. Remain Calm.*

1

## Laura A. Fine

| | |
|---|---|
| **From:** | Douglas Park <dougpark@uoregon.edu> |
| **Sent:** | Friday, May 23, 2014 11:38 AM |
| **To:** | Laura A. Fine |
| **Subject:** | RE: Brandon Austin |

Hi Laura:

I just responded to a similar question from Greg before seeing your email. As noted in that email, if the case proceeds through a panel hearing, the procedures used at the hearing will be those outlined in the "panel hearings" section of the student conduct code: OAR 571 Division 21. Those administrative rules were properly passed through the formal rule making procedures contained in ORS Chap. 183 and are therefore presumptively valid. The panel hearings rules outlined in the student conduct code are not identical to, the contested case hearing rules outlined in OAR Chap. 183, although they are similar.

Hope that's helpful,

Doug

---

**From:** Laura A. Fine [mailto:finelaw@qwestoffice.net]
**Sent:** Friday, May 23, 2014 10:39 AM
**To:** Douglas Park
**Subject:** Brandon Austin

Dear Doug-

On May 13, I sent you a letter requesting a contested case hearing for Brandon Austin. I supplemented that request with additional justifications on May 15.
Notwithstanding the fact that we are engaged in settlement negotiations, can you provide a response to my request?

Thanks very much.

Laura Fine Moro
Law Office of Laura Fine Moro, P.C.
541 Willamette Street, Ste 403
Eugene, OR 97401
(541) 341-4542 phone
(541) 341-4542 fax
www.LauraFineMoro.com

**NOTE:** This correspondence is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and may contain privileged and confidential material. It is intended to be read ONLY by the named recipient(s). If you have received this message in error please notify the sender and discard immediately. Any dissemination, distribution or copying of the communication is strictly prohibited.

*Admit Nothing. Remain Calm.*

## Laura A. Fine

| | |
|---|---|
| From: | Douglas Park <dougpark@uoregon.edu> |
| Sent: | Thursday, May 22, 2014 5:16 PM |
| To: | Shaun McCrea; Laura A. Fine (finelaw@qwestoffice.net); veralrud@oregonattorney.com |
| Cc: | Sam Hill |
| Subject: | Conduct Matter |

Greetings Counsel (Shaun, Laura and Greg):

I sent the following written confirmation to Greg, so wanted to ensure that you all had the same information. In sum, the UO is willing to agree to the following.

If the accused students (Dominic, Austin and Damyean) all agree to waive the panel hearing currently set for May 30, and instead submit their cases to an administrative conference, the UO will agree to the following.

- The accused students can maintain their innocence at the administrative conference and argue that they are not responsible for any of the charged misconduct. In addition, they can offer, and the hearings officer will receive, any relevant information or argument that supports their assertions of innocence. Any finding of responsibility or non-responsibility for the charged misconduct will be based on the relevant information received by the hearings officer conducting the administrative conference, who, of course, is a neutral fact-finder.
- If an accused student is found responsible for misconduct after the administrative conference, UO will not seek expulsion: *i.e.* UO will not expel the student. Instead, the student may receive a lengthy suspension (possibly up to ten years) and be ordered to not come onto UO owned or controlled property, or attend UO sponsored events, for the duration of the suspension. That would enable the student to accurately say that he was not expelled from the UO. He could also accurately say in applications to other schools that he is eligible to return to UO (albeit in the future).
- In addition, UO will not place a notation on the student's transcript that describes the specific misconduct for which the accused student was found responsible. Rather, UO will place a generic statement on the transcript that says something like: student conduct violation.
- If a student is found responsible, UO will not disclose the result of such a finding of responsibility, except as permitted by FERPA or required by law.

If the accused students do not agree to waive the panel hearing currently set for May 30, the UO will proceed to a consolidated panel hearing against all the accused students. In that event, if a student is found responsible, UO will seek the maximum sanctions available, including but not limited to expelling the student, placing a negative notation on the student's transcript that specifically states the student was found responsible for sexual assault under the student conduct code, and reserving its right to disclose a finding of responsibility for sexual assault to the general public.

The reason UO is willing to agree to the bullet-points outlined above is because we would consider it (and we believe the complainant would consider it) a significant sign of caring and understanding if the accused students chose an administrative conference instead of a panel hearing. At the same time, we are not asking the accused students to admit responsibility. As noted above, if the students submit their cases to an administrative conference, they will still have their matters heard by a neutral fact-finder, and they can place whatever information is relevant into the record.

Thank you for your professionalism and assistance with these matters.

Doug

1

# EXHIBIT E

-------- Original Message --------
Subject: RE: Evidence
From: <veralrud@oregonattorney.com>
Date: Mon, May 26, 2014 7:32 pm
To: "Douglas Park" <dougpark@uoregon.edu>

Doug-
So I can tell my client in simple terms: even if he tells you by tomorrow he wants
an admin hearing on responsibility to speak his side of the story, you will withdraw
that option if one or both of the others does not take the same option to determine
responsibility (I don't see any of them agreeing they engaged on non consensual
sex, so an admin. decision only on sanction is not realistic.)
If that is so, please consider this an objection to a joint hearing and a request that
Mr. Artis be granted a hearing separate from the other students you now seek to
prosecute jointly. In addition to being unfairly tied to the others as to hearing
options as noted above, the joint hearing violates his right to privacy under the
rules and regulations regarding a student's conduct and affairs while a student at
the university. Additionally, by forcing him to hearing with two other students
whose actions toward the complainant are different (e.g. Mr. Artis was not a
participant in any of the initial sexual activity between the complainant and Dotson
and Austin and it is likely the complainant will agree that sexual relations between
her and Mr. Artis following her encounter with all three was consensual.) If focused
solely on the issue of consent between her and Mr. Artis, the panel could
reasonably come to a different conclusion as relates to sexual activitly between him
and the complainant. Mr. Artis is available for a separate hearing as is convenient
for the university.
I understand there is no liklihood the University will grant this request, but I am
obliged to make it and contend it is fair to the person accused and facing the
extreme sanctions you've already apparently determined appropriate.
 Given that a hearing is likely, I must continue to request that the university use its
subpena power (I presume the University retains that power while an accused has
none because the university is expected to proceed in fairness and is expected to
put all reasonably relevant evidence in front of the factfinder). My example of the
value to the panel hearing the actual taped conversation between the complainant
and Mr. Artis discussing the exact issues in front of the panel (her claim of vocal
protest and lack of capacity to consent because of intoxication and Mr. Artis' claim
that neither is accurate) was just that; an example of why the fact finding function

1

conferences wherein the[y] may admit responsibility or contest the cha.ges. The sticking-point is that UO will not agree to doing a full panel hearing, and then in addition to that, doing administrative conferences for some students. Again, given the overlapping parties, alleged acts and evidence, doing that doesn't seem fair to the complainant or UO.

Hope that's helpful,

Doug

---

**From:** veralrud@oregonattorney.com [mailto:veralrud@oregonattorney.com]
**Sent:** Saturday, May 24, 2014 12:04 PM
**To:** Douglas Park; Laura A. Fine
**Cc:** 'Shaun McCrea'
**Subject:** RE: Evidence

Doug-
So to be clear...If for example Mr. Artis and Mr. Dotson wanted to proceed as you have proposed and accepted by Tuesday as you've requested, but Mr. Austin did not, the university would withdraw its proposal as to the two who have accepted? I appreciate your attention to this. Regards, Greg Veralrud

-------- Original Message --------
Subject: RE: Evidence
From: Douglas Park <dougpark@uoregon.edu>
Date: Fri, May 23, 2014 4:57 pm
To: "Laura A. Fine" <finelaw@qwestoffice.net>
Cc: "veralrud@oregonattorney.com"
<veralrud@oregonattorney.com>,
"'Shaun McCrea'" <shaun@mccreapc.com>

Colleagues:

I previously sent what's below to Greg, but since it appears everyone is cc'ing each other, I'm resending to everyone.

> The recordings are public records, and I thought they could be released since the DA's Office declined prosecution. Is that right? If so, you should be able to obtain a copy of the recordings through a public records request. Regardless, I assume your client can testify to the contents of his conversations, as can the other accused students.

> Regarding the "all or nothing" question, due to the overlapping evidence, same potential witnesses, and group nature of the alleged misconduct, I believe the University may appropriately exercise its discretion to consolidate the case into a single panel hearing. There is no benefit to the University or the complainant to doing a full panel hearing for one student, and then doing the case over in separate administrative conferences for the two other students. Thus, I'm guessing the decision will remain "all or nothing."

I'm sorry to hear your client may think the proposal is not much of a deal. From the our perspective, the accused students are getting a great deal. We're not asking them to "plead guilty." Nor are we asking them to limit what they put before a hearings officer. If the accused students elect an administrative conference, they may still maintain their innocence; they may make any argument they like; and they may place in the record any relevant information they wish to. We believe the same result should occur regardless of whether a case runs through an administrative conference or panel hearing, just like the same result should occur regardless of whether a defendant proceeds via jury trial or bench trial. In short, the accused students would not be giving up their rights to notice of the charges, and an opportunity for a fair determination by a neutral fact-finder if they choose an administrative conference. In return, they get guarantees on potential sanctions if they are found responsible. We think that is a fair deal.

Anyway, I appreciate your assistance and thoughts on these matters. If folks agree to the proposal, I think that would benefit all parties involved. But if not, that's ok too – we'll just proceed through the panel hearing.

Hope you all have a good weekend!

Doug

---

**From:** Laura A. Fine [mailto:finelaw@qwestoffice.net]
**Sent:** Friday, May 23, 2014 3:54 PM
**To:** Douglas Park
**Cc:** verairud@oregonattorney.com; 'Shaun McCrea'
**Subject:** Evidence

Hi Doug

As you know, we are copying each other on all correspondence with you to avoid duplicating effort and inundating you with requests/information.

I want to echo what Greg said about needing to have subpoenas issued. I previously joined in his request. He is absolutely correct about the audio tapes.
But in addition, REDACTED own friends told investigators that "she wasn't drunk" and "she wasn't that drunk." Another party goer waked in on them in the bathroom and saw REDACTED return to the bathroom, even after she was allegedly "raped."
This directly contradicts REDACTED allegations. Those witnesses need to be heard by the panel to help them determine matters of credibility.

Another example: REDACTED claims she was dragged and forced into a cab. Yet her friends told investigators that they tried to talk her out of going with the boys but she refused to go with them.

4

Their testimony dire( ) contradicts her assertion and there is no earthly reason to exclude them from providing information to the panel.
Their testimony corroborates the boys' version of events and is absolutely relevant and necessary for the finder of fact.

You may have never issued subpoenas before, but the law contemplates it and the fact that you haven't done it before is not a justification for failing to do it now. Without compelling attendance of our witnesses, our clients will be denied a fair hearing.

On that note – have a great weekend.

Laura

Laura Fine Moro
Law Office of Laura Fine Moro, P.C.
541 Willamette Street, Ste 403
Eugene, OR 97401
(541) 341-4542 phone
(541) 341-4542 fax
www.LauraFineMoro.com

**NOTE**: This correspondence is covered by the Electronic Communications
Privacy Act, 18 U.S.C. 2510-2521, and may contain privileged and confidential material. It is intended to be read ONLY by the named recipient(s). If you have received this message in error please notify
the sender and discard immediately. Any dissemination, distribution or
copying of the communication is strictly prohibited.

### *Admit Nothing. Remain Calm.*

 This email is free from viruses and malware because avast! Antivirus protection is active.

# EXHIBIT F

## Laura A. Fine

| | |
|---|---|
| **From:** | veralrud@oregonattorney.com |
| **Sent:** | Tuesday, May 27, 2014 1:11 PM |
| **To:** | Shaun McCrea; Laura Fine |
| **Subject:** | [FWD: meeting today] |

fyi since you joined in.

-------- Original Message --------
Subject: meeting today
From: <veralrud@oregonattorney.com>
Date: Tue, May 27, 2014 1:09 pm
To: "Sandy Weintraub" <sandyw@uoregon.edu>

Sandy-
Will you disclose the panel chair's name and contact info asap? As you may be aware, Doug Park has denied (I think) our request to issue subpenas for various relevant witnesses as provided for by rule. By different rule (OAR 571-021-0210 (8), the panel chair may require attendance of relevant witnesses after consultation with (you) by serving "notice of required attendance" to those witnesses desired. University students and personnel are required to honor the notice unless hardship is found.
The same OAR at (16) (b), requires the director to investigate and present the case to the panel and that all relevant evidence is presented on both sides. I'm requesting that you ask the University to issue the subpenas requested in fulfilling that obligation. If you don't agree and without waiving any claim of right to the subpenas, I then request that notices of required appearance be sent to those same witnesses and that we be able to submit the request to the chair so he can consult with you.
Thanks, Greg Veralrud
PS. I'm advised by Shaun and Laura that they join in these requests.

1