**Naomi Levelle Haslitt**, OSB No. 075857
naomi.haslitt@millernash.com
**Michael Porter, P.C.**, OSB No. 003560
mike.porter@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  503.224.5858
Facsimile:  503.224.0155

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **BRANDON AUSTIN**,<br><br>                    Plaintiff,<br><br>    v.<br><br>**UNIVERSITY OF OREGON**; **SANDY WEINTRAUB**; **CHICORA MARTIN**; **ROBIN HOLMES**; and **MICHAEL R. GOTTFREDSON**, all in their individual capacities only,<br><br>                    Defendants. | Case No.:  6:15-cv-02257-MC (Lead Case)<br>Case No.:  6:16-cv-00647-MC (Member Case)<br><br>DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS AND MEMORANDUM IN SUPPORT<br><br>**<u>ORAL ARGUMENT REQUESTED</u>** |
| **DOMINIC ARTIS** and **DAMYEAN DOTSON**,<br><br>                    Plaintiff,<br><br>    v.<br><br>**UNIVERSITY OF OREGON**; **SANDY WEINTRAUB**; **CHICORA MARTIN**; **ROBIN HOLMES**; and **MICHAEL R. GOTTFREDSON**,<br><br>                    Defendants. | |

Page 1 -    Defendants' Motion for Attorney Fees and Costs and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

**LR 7-1 CERTIFICATION**

The undersigned counsel for defendants certifies that they have in good faith sought to resolve the issues that are the subject of this motion through conferral with plaintiffs' counsel, but have been unable to do so.

**MOTION**

In accordance with Rule 54 of the Federal Rules of Civil Procedure and the Judgment entered on June 28, 2017 (Dkt. No. 57 (lead case); Dkt. No. 69 (member case)), and the Order Granting Defendants' Motion to Dismiss for Failure to State a Claim on June 28, 2017 (Dkt. No. 56 (lead case); Dkt. No. 68 (member case)), defendant University of Oregon (the "University"), on behalf of all defendants, moves the Court for entry of an award of attorney fees in the amount of $52,142.25, and an award of costs in the amount of $800.00.

This motion is based on the records and files of this action, the memorandum below, and the supporting declarations of Naomi Levelle Haslitt ("Haslitt Decl."), Michelle Smigel ("Smigel Decl."), and Lisa Thornton ("Thornton Decl.").

**MEMORANDUM**

## I.    INTRODUCTION

The University rarely seeks prevailing party fees.  But in this case, plaintiffs pursued claims that lacked any reasonable basis in law or fact, which forced the University to waste considerable public resources.

While none of plaintiffs' seven claims presented a sufficient legal or factual basis to survive the University's motions to dismiss, plaintiffs' due process claims were particularly frivolous.  No legal basis existed for plaintiffs' assertions of a constitutionally protected right to attend the University, play for its basketball team, or have their athletic scholarships renewed—and such rights are a substantive predicate for plaintiffs' due process claims.  Moreover, plaintiffs supported their due process claims by alleging that the University failed to provide them with adequate process during their administrative hearing, despite the fact that plaintiffs—in

Page 2 -    Defendants' Motion for Attorney Fees and Costs and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

consultation with legal counsel—voluntarily agreed to the exact procedures they received. Based on the indisputable factual circumstances of plaintiffs' administrative hearing, it was unreasonable for plaintiffs to assert that their due process rights were violated. And it was especially frivolous for plaintiffs to ask the Court to reconsider its dismissal with prejudice of those claims.

Accordingly, in its role as a steward of public resources, the University respectfully requests that the Court restore the reasonable fees it incurred defending against plaintiffs' due process claims.[1]

## II.    RELEVANT PROCEDURAL HISTORY

This litigation has been ongoing for more than 18 months.

Mr. Austin filed his initial complaint in Lane County Circuit Court in October 2015, which he then amended ("Austin Amended Complaint"), alleging a due process violation under 42 USC § 1983 and state law claims. The University removed Mr. Austin's complaint to the District of Oregon and filed its first motion to dismiss. Before the Court issued a ruling, Mr. Austin amended his allegations again and added a Title IX claim ("Austin Second Amended Complaint"). The University again moved to dismiss Mr. Austin's complaint.

In March 2016, Mr. Artis and Mr. Dotson filed their initial complaint in Lane County Circuit Court ("Artis/Dotson Complaint"). This complaint was practically identical to Mr. Austin's, alleging the same six causes of action and an additional claim under the Equal Protection Clause.[2] The University removed the Artis/Dotson Complaint to the District of Oregon and moved to dismiss it.

---

[1] Prevailing defendants may also recover reasonable attorney fees for defending against Title IX and equal protection claims, both of which were asserted by plaintiffs in this case and twice dismissed by the Court. But due to the evolving law on those matters, the University is not seeking fees for defending against those claims. Defendants believe plaintiffs' state law claims were also frivolous, but recovery of attorney fees are not an available remedy for those claims.

[2] For example, paragraph 69 of Mr. Austin's Second Amended Complaint alleges:

Page 3 -    Defendants' Motion for Attorney Fees and Costs and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

The Court consolidated plaintiffs' lawsuits in May 2016, and heard oral argument on the University's two motions to dismiss in August 2016.  After oral argument, Mr. Artis and Mr. Dotson filed a supplemental brief pertaining to their due process claim ("Artis/Dotson Supplemental Memorandum").

On September 8, 2016, the Court granted the University's motions, dismissing plaintiffs' complaints in their entirety.  Plaintiffs' due process claims, among others, were dismissed with prejudice.

Plaintiffs filed an amended complaint ("Third Amended Complaint") in October 2016.  And two days later, plaintiffs filed a motion seeking reconsideration of the Court's dismissal of their due process claims ("Motion for Reconsideration").  The University again moved to dismiss plaintiffs' complaint and filed a brief in opposition to the Motion for Reconsideration.

---

> As a direct and proximate result of the defendants' conduct, Mr. Austin no longer plays at a Division I school, has diminished chances of playing in the NBA, has been made to suffer the opprobrium associated with an suspension from a university, and the opprobrium associated with committing a sexual assault (when in fact he committed no sexual assault), and has as a result suffered personal and professional harm, including emotional distress, in the past, and will as a result suffer personal and professional harm in the future, including loss of income.

This is virtually identical to paragraph 43 of Mr. Artis and Mr. Dotson's Complaint (even though the allegation is inaccurate because, among other reasons, both Mr. Artis and Mr. Dotson were playing for Division I teams when they filed their lawsuit):

> As a direct and proximate result of the defendants' conduct, plaintiffs no longer play at a Division I school, has severely diminished chances of playing in the NBA, has been made to suffer the opprobrium associated with a suspension from a university, and the opprobrium associated with committing a sexual assault (when in fact they committed no sexual assault), and as a result have suffered personal and professional harm, including extreme emotional distress, in the past, and as a result will suffer personal and professional harm in the future, including loss of income.

In another example, Mr. Artis and Mr. Dotson's due process claim alleges:  "As a result of these defendants' conduct, *Mr. Austin* has suffered and will continue to suffer personal and professional harm * * *."  Dkt. 1 (member case), p. 18, ¶ 83 (emphasis added).  There are many other examples like this throughout the Artis/Dotson Complaint.

Page 4 -    Defendants' Motion for Attorney Fees and Costs and Memorandum in Support

4821-4062-5996.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

On June 7, 2017, the Court denied plaintiffs' Motion for Reconsideration and granted the University's motion to dismiss, dismissing all remaining claims with prejudice. Judgment was entered on June 28, 2017.

III.    ARGUMENT

A.    The University is entitled to costs because it is the prevailing party.

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed R Civ P 54(d)(1).  The University prevailed in full on all motions before the Court in these consolidated cases.  These motions included:  defendants' February (Austin) and May (Artis and Dotson) 2016 motions to dismiss, plaintiffs' October 2016 Motion for Reconsideration, and defendants' December 2016 motion to dismiss.  The University is undisputedly the prevailing party, and presumptively entitled to costs incurred on all claims.

The University is therefore entitled to its removal fees pursuant to 28 USC § 1441 in a total amount of $800.00, representing $400.00 from Mr. Austin and $400.00 from Mr. Artis and Mr. Dotson.  *See* Haslitt Decl., ¶ 2, Ex. 1.

B.    The Court should award reasonable attorney fees for defending against plaintiffs' due process claims because there was no legal or factual basis for these claims and it was unreasonable to seek reconsideration of their dismissal.

The University seeks prevailing party fees in this case because it was forced to incur significant fees defending against claims that lacked any reasonable basis in law or fact. Plaintiffs asserted seven claims against the University, each of which was dismissed for failing to state a plausible basis for relief.  And while none of plaintiffs' claims were meritorious given the facts of this case and the applicable law, plaintiffs' due process claims were frivolous—and plaintiffs knew or should have known that when they filed their complaints.  Plaintiffs' pursuit of the due process claims was frivolous because plaintiffs:  (1) had no clearly established

Page 5 -    Defendants' Motion for Attorney Fees and Costs and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

constitutional right to attend the University, play for its basketball team, or have their athletic scholarships renewed; (2) elected the process they received after bargaining for that process with counsel (in lieu of the more formal process that was offered), and then sued the University for providing the agreed-upon process; and (3) required the University to incur additional fees responding to the Motion for Reconsideration, but did not present any new law or newly discovered evidence—rather, plaintiffs simply restated arguments that the Court had already considered and rejected.

1.    <u>The Court may award reasonable attorney fees to prevailing defendants if a claim is frivolous, unreasonable, or without foundation.</u>

The Court, in its discretion, may award attorney fees to a prevailing civil rights defendant under 42 USC § 1988(b) ("In any action or proceeding to enforce a provision of section[] * * * 1983 [of title 42] * * *, the court, in its discretion, may allow the prevailing party * * * a reasonable attorney's fees as part of the costs * * *.").  "[I]t is a well-settled matter of United States Supreme Court jurisprudence that a district court may properly so exercise its discretion 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'"  *Hariri v. Portland State Univ.*, No. 3:15-CV-1076-PK, 2017 WL 2869507, at *2 (D Or July 5, 2017) (quoting *Christiansburg Garment Co. v. EEOC*, 434 US 412, 421, 98 S Ct 694, 54 L Ed 2d 648 (1978)); *see also Fox v. Vice*, 563 US 826, 833, 131 S Ct 2205, 180 L Ed 2d 45 (2011).  A party's action is frivolous if it has "no legal or factual basis."  *Fox*, 563 US at 833.

By properly exercising its discretion, the district courts "protect defendants from burdensome litigation having no legal or factual basis."  *Christiansburg Garment Co.*, 434 US at 420.  This consideration is particularly salient for public institutions, which are charged with being responsible stewards of public resources.  *Hariri*, 2017 WL 2869507, at *3 ("PSU is a public institution, and [plaintiff's] election to pursue his frivolous claims against it caused it to expend public funds that could better be spent toward the maintenance of PSU's

Page 6 -    Defendants' Motion for Attorney Fees and Costs and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

educational programs and services. Moreover, to permit [plaintiff] to go unsanctioned for seeking a monetary recovery from a public institution of higher learning on the basis of patently frivolous claims would be tantamount to encouraging further such claims and further waste of public resources to no just, beneficial, or otherwise desirable end.").

     2.    <u>Plaintiffs' due process claims were frivolous, unreasonable, and without foundation</u>.

Plaintiffs lacked any reasonable basis in law to assert their due process claims because the individually named defendants were clearly entitled to qualified immunity and there was no legal or factual basis for plaintiffs' claims.

The individually named defendants were indisputably entitled to qualified immunity—thus precluding any possibility that plaintiffs' due process claims would even proceed to discovery. Public officials are entitled to immunity from a due process claim unless their conduct has violated a "clearly established" constitutional right. *See Ashcroft v. Al-Kidd*, 563 US 731, 741, 131 S Ct 2074, 179 L Ed 2d 1149 (2011) (quoting *Anderson v. Creighton*, 483 US 635, 640, 107 S Ct 3034, 97 L Ed 2d 523 (1987)). Here, plaintiffs asserted that they had a constitutionally protected right to attend the University, play for its basketball team, and receive an athletic scholarship, among other things. But as the Court explained in its September 8, 2016, Opinion and Order, "*the answer is clear*: there is no Supreme Court, Ninth Circuit, or Oregon District Court case that * * * clearly establishes the property rights Plaintiffs assert" and "[b]ecause there is no relevant precedent that clearly establishes the proposed constitutional rights at issue, * * * the Individual Defendants are entitled to qualified immunity from the due process claims asserted against them." Order, Dkt. No. 34 (lead case), at 9-10 (emphasis added). Because it was "clear" that plaintiffs could not overcome the individually named defendants' entitlement to qualified immunity, it was frivolous for plaintiffs to assert due process claims against them.

Page 7 -    Defendants' Motion for Attorney Fees and Costs and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

There was also no factual basis for plaintiffs to pursue their due process claims. Plaintiffs forced the University to incur fees defending against their due process claims by asserting that the very process that plaintiffs bargained for and agreed to receive was inadequate. As the record shows, plaintiffs waived their right to receive a formal panel hearing, which would have provided more extensive procedures than the administrative conference plaintiffs voluntarily elected.[3]  *See* Ex. C, Dkt. No. 20 (lead case) (Special Choice of Resolution Form signed by Mr. Austin); Pls.' Resp., Dkt. No. 22 (lead case), at 17-18 ("Mr. Austin's counsel accepted the 'administrative conference' option"); Ex. C, Dkt. No. 13 (member case) (e-mail from Mr. Artis's then-attorney agreeing to an administrative conference and Special Choice of Resolution Form signed by Mr. Dotson); Pls.' Resp., Dkt. No. 21 (member case), at 18 ("plaintiffs' counsel accepted the 'administrative conference' option"); *see also* Order, Dkt. No. 34 (lead case), at 10 n.4; Thornton Decl. ¶¶ 4-9, Ex. 1-6.  Even if plaintiffs could have set forth a colorable argument for the proposed constitutional rights (which do not exist), and thus an entitlement to due process (to which they were not entitled), it still would have been frivolous for plaintiffs to assert their due process claims *because plaintiffs elected and agreed to the very procedures they received*.  Simply put, it was unreasonable for plaintiffs to elect an administrative conference and then claim that this option did not provide adequate process— particularly, when the administrative conference proceeded as agreed.

It would be one thing if plaintiffs agreed to an administrative conference and the University then failed to provide the procedures required for an administrative conference.  But that never occurred and plaintiffs have not alleged otherwise.  Given that plaintiffs voluntarily choose to resolve their student-conduct charges via an administrative conference (after a knowing and voluntary decision with advice of legal counsel), and then received all the process

---

[3] The University's procedures for panel hearings comport with constitutional due process, even though this is not required.  *See* OAR 571-021-0210 (2014 edition) (panel hearing procedures).

Page 8 -   Defendants' Motion for Attorney Fees and Costs and Memorandum in Support

4821-4062-5996.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

that was due under the administrative conference rules, plaintiffs did not have a reasonable basis to then turn around and sue the University for violating their purported due process rights.

3.   Plaintiffs' motion for reconsideration, based on grounds that had already been considered and rejected by the Court, was also frivolous, unreasonable, and without foundation.

Plaintiffs' due process claims were baseless in the first instance.  But it was even more unreasonable for plaintiffs to continue to pursue these claims after the Court dismissed them on the grounds of qualified immunity.  And plaintiffs' actions in seeking reconsideration forced the University to incur additional fees that should not be imposed on the public.

While it is not *per se* unreasonable for a party to seek reconsideration of a court's ruling, plaintiffs' Motion for Reconsideration was frivolous because it "d[id] not argue that there was an intervening change in controlling law or that there is newly discovered evidence," which are the primary grounds warranting reconsideration.  Order on Motion for Reconsideration, Dkt. No. 55 (lead case), at 2-3.  Instead, plaintiffs argued that *Stretten v. Wadsworth Veterans Hosp.*, 537 F2d 361 (9th Cir 1976), clearly established a constitutionally protected property interest applicable to plaintiffs, and thus the Court had erroneously granted qualified immunity to the individually named defendants.  But the Court had already considered *Stretten*[4] and held that it was "sufficiently distinct" from the circumstances giving rise to plaintiffs' claims so as not to overcome the defendants' entitlement to qualified immunity.  Order on Motion for Reconsideration, Dkt. No. 55 (lead case), at 3.  Because plaintiffs did not present new law or newly discovered evidence, and simply restated arguments that the Court had already considered, plaintiffs lacked any reasonable basis for bringing the Motion for Reconsideration and therefore should be required to reimburse the fees the University incurred in its response.

---

[4] The parties briefed *and* discussed *Stretten* during lengthy oral argument.  *See, e.g.*, Dkt. No. 22 (lead case), at 31 (plaintiffs' opposition brief); Dkt. No. 23 (lead case), at 14 (defendants' reply brief); Dkt. No. 31 (member case), at 3 (plaintiffs' supplemental memorandum).

Page 9 -    Defendants' Motion for Attorney Fees and Costs and Memorandum in Support

4821-4062-5996.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4.       The fees that the University seeks to recover are reasonable.

The amount of attorney fees requested by the University is reasonable and should be apportioned between plaintiffs.

a.       *The "lodestar" amount*.

To determine what constitutes a "reasonable" attorney fee award, district courts generally begin by calculating the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  *See, e.g.*, *Caudle v. Bristow Optical Co.*, 224 F3d 1014, 1028 (9th Cir 2000); *see also, e.g.*, *Ferland v. Conrad Credit Corp.*, 244 F3d 1145, 1149 n.4 (9th Cir 2001).

The reasonableness of the number of hours expended on the litigation by the University's counsel is demonstrated by the time entries submitted with this motion.  Haslitt Decl., ¶ 3, Ex. 2.[5]  The submitted fee petition reflects reasonable reductions in time.  *See Hensley v. Eckerhart*, 461 US 424, 434, 103 S Ct 1933, 76 L Ed 2d 40 (1983) (explaining that the prevailing party should exercise good "billing judgment" and "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary"); *see also Chalmers v. City of Los Angeles*, 796 F2d 1205, 1211 (9th Cir 1986) ("the district court's calculation of an award need not be done with precision, [although] some indication of how it arrived at its figures and the amount of the award is necessary").  These reductions account for plaintiffs' negligence, intentional infliction of emotional distress, tortious interference, and breach-of-contract claims, which were dismissed, but are not subject to 42 USC § 1988.

---

[5] The University incurred substantially more fees in defending against plaintiffs' lawsuits than it is seeking to recover here.  *See* Haslitt Decl., ¶ 3, Ex. 2.  Plaintiffs collectively asserted seven claims against defendants, seeking $27.5 million in purported damages.  Plaintiffs filed four amended complaints, a Supplemental Memorandum, and a Motion for Reconsideration.  Over the course of more than 18 months, the University was forced to engage in substantial litigation and to file four motions to dismiss and an opposition to plaintiffs' Motion for Reconsideration, and appear at a lengthy oral argument.  The Court dismissed all of plaintiffs' claims on two occasions, and the University prevailed against all claims in both lawsuits.

Page 10 -   Defendants' Motion for Attorney Fees and Costs and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

In addition, the fee petition does not include fees incurred defending against plaintiffs' Title IX and equal protection claims—even though these claims are subject to 42 USC § 1988, and the Court granted dismissal of these claims on defendants' February 22, May 2, and December 2, 2016, motions to dismiss.

The second prong of the lodestar calculation—the reasonableness of the hourly rate—is confirmed by reference to the Oregon State Bar Economic Survey. *See* comments to LR 54-3 ("As for the reasonable hourly rate, the Court uses the most recent Oregon State Bar Economic Survey as its initial benchmark."); *see also* Haslitt Decl., ¶ 11, Ex. 3 (attaching excerpts of the Survey). According to this survey, the rate billed for all attorneys for the University is within the range of reasonable for the practice area. Haslitt Decl., ¶¶ 8-9. Ms. Smigel's time was billed at an hourly rate ($350) between the 25th and 75th percentile for attorneys in the applicable practice area in both Oregon as a whole and Portland (Civil Litigation, Defendant, excluding insurance defense). Haslitt Decl., ¶ 8. Ms. Smigel's rate is also between the 25th and 75th percentile for attorneys admitted to practice for 13-15 years. *See* Haslitt Decl., ¶ 11, Ex. 3. In addition, all rates billed by Miller Nash Graham & Dunn LLP ("Miller Nash") attorneys are below their standard rates and reflect Miller Nash's customary rates for public institutions of higher education, including the University. *See Tire Kingdom, Inc. v. Morgan Tire & Auto*, Inc., 253 F3d 1332, 1337 (11th Cir 2001) (explaining that the agreed-upon billing rate is a strong indicator of reasonable rate); *see also* Haslitt Decl., ¶¶ 8-9.

Multiplying the reasonable hours expended on litigating plaintiffs' due process claims by the reasonable hourly rates charged by all timekeepers results in a fee of $52,142.25. The University requests that the Court award it attorney fees in that amount. *City of Burlington v. Dague*, 505 US 557, 562, 112 S Ct 2638, 120 L Ed 2d 449 (1992) (explaining that there is a strong presumption that the lodestar amount constitutes the "reasonable" fee).

Page 11 -  Defendants' Motion for Attorney Fees and Costs and Memorandum in Support

4821-4062-5996.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

b.     *Apportionment between claims.*

As discussed above, all of the claims by plaintiffs were the subject of the University's motions to dismiss, but the University is seeking payment of fees for defending against plaintiffs' due process claims only.  The University incurred fees specific to plaintiffs' due process claims in (i) filing its motion to dismiss the Austin Amended Complaint, (ii) filing its motion to dismiss the Austin Second Amended Complaint, (iii) filing its motion to dismiss the Artis/Dotson Complaint, (iv) preparing for oral argument on both then-pending motions to dismiss, (v) analyzing the Artis/Dotson Supplemental Memorandum, and (vi) filing its opposition to plaintiffs' Motion for Reconsideration.  Because some of these actions involved defending against plaintiffs' other claims (not their due process claim), the University has apportioned the time spent on these actions as follows (except when specifically noted in the time entry that the task pertained only to plaintiffs' due process claim):

- Austin Amended Complaint:  50 percent;

- Austin Second Amended Complaint:  15 percent (opening brief) and 50 percent (reply brief);

- Artis & Dotson Complaint:  15 percent;

- Oral Argument:  50 percent;

- Artis & Dotson Supplemental Memorandum:  100 percent; and

- Motion for Reconsideration:  100 percent.

The percentages are very reasonable.  Mr. Austin's due process claim was the most legally complex claim asserted in the Austin Amended Complaint, and the only claim that would have allowed Mr. Austin to recover attorney fees if he prevailed.  Smigel Decl. ¶ 3. The University's motion to dismiss focused on this claim, as did Mr. Austin's response.  Smigel Decl. ¶ 4.  Mr. Austin alleged both procedural and substantive due process violations, and purported to have constitutionally protected property rights and liberty interests—each of which

Page 12 -   Defendants' Motion for Attorney Fees and Costs and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

required analysis.  For comparison, the University's arguments opposing Mr. Austin's due process claim were more than twice as long as any of his other claims.  Smigel Decl. ¶¶ 3-4.  It is reasonable to allocate half of the fees incurred moving to dismiss the Austin Amended Complaint to defending against his due process claim.  Smigel Decl. ¶ 4.

The University then incurred additional fees when forced to file a second motion to dismiss in response to the Austin Second Amended Complaint.  Although the University had already briefed many of the arguments it presented in the opening brief of its second motion to dismiss (because they were similar to the arguments in the University's initial motion to dismiss), it incurred some additional fees revising its due process arguments to address new allegations in the Austin Second Amended Complaint.  Smigel Decl. ¶ 5.  Accordingly, the fees related to Mr. Austin's due process claim should be apportioned at 15 percent of the total fees incurred by the University in filing this opening brief.  *Id.*  However, the fees related to Mr. Austin's due process claim should be apportioned at 50 percent of the fees incurred by the University in filing its reply brief.  Smigel Decl. ¶ 6.  The majority of the University's reply brief focused on Mr. Austin's due process claim and, unlike the opening brief, the University had not already analyzed and drafted these arguments.  *Id.*

For similar reasons, 15 percent of the fees incurred in defending against the Artis/Dotson Complaint should be apportioned to their due process claim—such an allocation of fees reflects that the University had already analyzed and briefed some of its due process arguments in the previous motion to dismiss, and thus incurred fewer fees defending against the Artis/Dotson Complaint.  Smigel Decl. ¶ 7.

In May 2016, plaintiffs' lawsuits were consolidated for the purposes of the University's motions to dismiss.  Oral argument was held in August 2016.  At oral argument, the Court and the parties focused on plaintiffs' due process and Title IX claims.  Smigel Decl. ¶ 8.  Neither the Court nor the parties addressed plaintiffs' state law claims, or did so only minimally.

Page 13 -  Defendants' Motion for Attorney Fees and Costs and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

*Id.* Accordingly, it is reasonable to allocate half of the time spent preparing for and attending oral argument to plaintiffs' due process claims. *Id.*

Because the Artis/Dotson Supplemental Memorandum (filed after oral argument) and plaintiffs' Motion for Reconsideration addressed only their due process claims, all of the time spent addressing these actions is attributable exclusively to the University's defense of these actions.

As set forth in this motion, the University's fee petition is judicious in its allocation of fees incurred defending against plaintiffs' due process claim. The requested fees represent good billing judgment, and exclude all fees incurred due to plaintiffs' other claims. *Hensley*, 461 US at 434. Accordingly, the Court should award the University all of its requested fees.

    c.  *Apportionment between plaintiffs.*

Though plaintiffs' purported basis and pursuit of their claims was similar, the complaints were filed at different times and required separate responses and briefing by the University before the court consolidated the actions in May 2016. As reflected in the University's time entries and the above explanation of its allocation of fees, the University incurred fees responding to Mr. Austin's due process claim that were separate from the fees incurred by Mr. Artis and Mr. Dotson's due process claim, and those fees should be apportioned accordingly. However, the fees applicable to all plaintiffs—the fees related to oral argument and plaintiffs' Motion for Reconsideration—should be evenly split between the two lawsuits. Haslitt Decl., ¶¶ 6-7. Accordingly, the University seeks payment of its fees from Mr. Austin in the amount of $39,124.05, and from Mr. Artis and Mr. Dotson in the amount of $13,018.20.

Page 14 -   Defendants' Motion for Attorney Fees and Costs and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

IV.    **CONCLUSION**

For the reasons discussed above, the University respectfully requests that the Court grant its motion for attorney fees and costs.

DATED this 28th day of July, 2017.

MILLER NASH GRAHAM & DUNN LLP


s/Naomi Levelle Haslitt
Naomi Levelle Haslitt, OSB No. 075857
naomi.haslitt@millernash.com
Michael Porter, P.C., OSB No. 003560
mike.porter@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

Attorneys for Defendants

Page 15 -   Defendants' Motion for Attorney Fees and Costs and Memorandum in Support

4821-4062-5996.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 28, 2017, I electronically filed the foregoing

Defendants' Motion for Attorney Fees and Costs and Memorandum in Support using the

CM/ECF system and that by doing so I served the foregoing on all parties of record in the subject

case via CM/ECF system transmission.

DATED this 28th day of July, 2017.

s/Naomi Levelle Haslitt
Naomi Levelle Haslitt, OSB No. 075857
*Of Attorneys for Defendants*

Page 1 -    Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204