**Barker, Marcie**
___

| | |
|---|---|
| **From:** | Douglas Park <dougpark@uoregon.edu> |
| **Sent:** | Thursday, May 22, 2014 5:09 PM |
| **To:** | 'veralrud@oregonattorney.com' |
| **Subject:** | RE: Damyean Dotson- settlement proposal |

Hi Greg:

I'll try to address all your questions. If I miss anything, let me know. In short, the UO's offer is as follows.

If the accused students (Dominic, Austin and Damyean) all agree to waive the panel hearing currently set for May 30, and instead submit their cases to an administrative conference, the UO will agree to the following.

- The accused students can maintain their innocence at the administrative conference and argue that they are not responsible for any of the charged misconduct. In addition, they can offer, and the hearings officer will receive, any relevant information or argument that supports their assertions of innocence. Any finding of responsibility or non-responsibility for the charged misconduct will be based on the relevant information received by the hearings officer conducting the administrative conference, who, of course, is a neutral fact-finder.
- If an accused student is found responsible for misconduct after the administrative conference, UO will not seek expulsion: *i.e.* UO will not expel the student. Instead, the student may receive a lengthy suspension (possibly up to ten years) and be ordered to not come onto UO owned or controlled property, or attend UO sponsored events, for the duration of the suspension. That would enable the student to accurately say that he was not expelled from the UO. He could also accurately say in applications to other schools that he is eligible to return to UO (albeit in the future).
- In addition, UO will not place a notation on the student's transcript that describes the specific misconduct for which the accused student was found responsible. Rather, UO will only place a generic statement on the transcript that says something like: student conduct violation.
- If a student is found responsible, UO will not disclose the result of such a finding of the responsibility, except as permitted by FERPA or required by law.

If the accused students do not agree to waive the panel hearing currently set for May 30, the UO will proceed to a consolidated panel hearing against all the accused students. In that event, if a student is found responsible, UO will seek the maximum sanctions available, including but not limited to expelling the student, placing a negative notation on the student's transcript that specifically states the student was found responsible for sexual assault under the student conduct code, and reserving its right to disclose a finding of responsibility for sexual assault to the general public.

The reason UO is willing to agree to the bullet-points outlined above is because we would consider it a significant sign of caring and understanding if a student chose an administrative conference. At the same time, we are not asking the accused students to admit responsibility. As noted above, if the students submit their cases to an administrative conference, they will still have their matters heard by a neutral fact-finder, and they can place whatever information is relevant into the record.

Thank you for your professionalism and assistance with these matters.

Doug

___

**From:** veralrud@oregonattorney.com [mailto:veralrud@oregonattorney.com]
**Sent:** Thursday, May 22, 2014 2:04 PM

1

**To:** Douglas Park
**Subject:** RE: Damyean Dotson- settlement proposal

Doug-
I'm trying tosummarize our discussion today for Dominic. To be clear: !) a non specific request from another university for records for a former UofO student being considered for admittance would yield a transcript without any info relating to student conduct issues; 2)assuming an agreement, if a more specific request for the conduct file is made, the university would send a copy of the complaint, the waiver of panel hearing, the finding of the administrator and the fact of suspension. Could the record provided to a requesting school contain more if agreed by the parties? Wouldn't the student have to agree to a release of such info before UofO responded with more than a basic transcript (I'm assuming the new school could require such a release from the applicant as part of the application process)?
Some considerations if we don't reach agreement:
Has the hearing panel been chosen? If so, is there a panel head?
I have investigative reports covering similar territory to that covered in Darci's report. Sandy tells me that her report will be provided to the panel. If I submit the reports I've gathered, will the panel be provided them as well (I will tell you that some of the info is consistent with Darci's, some is not).
I advised Sandy when reviewing her report that the references to Title IX considerations and criteria was confusing and asked that those references be removed from the final report. Is that agreeable?
Has the university subpenaed those witnesses set forth in my request last week? If not, will it be done if we go forward?
Is this proposal an all or none proposition? We've all approached this thus far as if all three of the young men were in exactly the same posture. While there are certainly common issues of procedure and proof, there are some factual differences (and the complaining student might well agree as I read her reported statements). Dominic was not involved in the initial "bathroom" sexual contact and would not have seen nor heard anything that might be construed as a protest or evidencing lack of consent during that interlude. He was described by the complainant as more concerned about her when her dislike of what was happening unquestionably was perceived at the apartment. He was her consensual partner in sexual activity the next morning…and I appreciate she may describe that differently…but it squares with her eventual admission to the police and Dominic's perception of what was happening). I don't want to abandon an argument for individual consideration either at hearing or in this negotiation process (and I have a concern that requiring these cases to be heard together violates the student privacy right Dominic is entitled to not to mention the prejudice to fair assessment of individual culpability; more on that if necessary). Let me know your thoughts.
I hope to have a full discussion with Dominic tomorrow so any response you have to these issues in the meantime is appreciated.
Regards, Greg Veralrud

> -------- Original Message --------
> Subject: RE: Damyean Dotson- settlement proposal
> From: Douglas Park <dougpark@uoregon.edu>
> Date: Wed, May 21, 2014 4:10 pm
> To: "Laura A. Fine" <finelaw@qwestoffice.net>, "'Shaun McCrea'"
> <shaun@mccreapc.com>
> Cc: "'Greg Veralrud'" <veralrud@oregonattorney.com>, Julia
> Cohalan <jcohalan@uoregon.edu>
>
> It would be nice to meet with everyone. But I want to be respectful of your time, so I'm fine with a conference call. If you have time to meet on campus and are in our neighborhood anyway, let me know and I'll reserve a conference for us on campus.
>
> Doug

**From:** Laura A. Fine [mailto:finelaw@qwestoffice.net]
**Sent:** Wednesday, May 21, 2014 3:59 PM
**To:** Douglas Park; 'Shaun McCrea'

2

**Cc:** 'Greg Veralrud'; Julia Cohalan
**Subject:** RE: Damyean Dotson- settlement proposal

Do you want us to come in person or do it by phone.

Laura Fine Moro
Law Office of Laura Fine Moro, P.C.
541 Willamette Street, Ste 403
Eugene, OR 97401
(541) 341-4542 phone
(541) 341-4542 fax
www.LauraFineMoro.com

**NOTE**: This correspondence is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and may contain privileged and confidential material. It is intended to be read ONLY by the named recipient(s). If you have received this message in error please notify the sender and discard immediately. Any dissemination, distribution or copying of the communication is strictly prohibited.

*Admit Nothing. Remain Calm.*

---

**From:** Douglas Park [mailto:dougpark@uoregon.edu]
**Sent:** Wednesday, May 21, 2014 3:50 PM
**To:** Laura A. Fine; 'Shaun McCrea'
**Cc:** 'Greg Veralrud'; Julia Cohalan
**Subject:** RE: Damyean Dotson- settlement proposal

Thank you for responding, everyone. Let's try for tomorrow morning after 10:00.

Doug

---

**From:** Laura A. Fine [mailto:finelaw@qwestoffice.net]
**Sent:** Wednesday, May 21, 2014 3:37 PM
**To:** Douglas Park; 'Shaun McCrea'
**Cc:** 'Greg Veralrud'; Julia Cohalan
**Subject:** RE: Damyean Dotson- settlement proposal

Doug

I just spoke with Greg, who is driving on the McKenzie Highway. He has some time constraints today but could try to pull over and do a conference call today.
Alternatively, he and I both have court in the morning but are available after 10 am. I can't speak for Shaun's availability tomorrow, though.

Laura Fine Moro
Law Office of Laura Fine Moro, P.C.
541 Willamette Street, Ste 403
Eugene, OR 97401
(541) 341-4542 phone
(541) 341-4542 fax
www.LauraFineMoro.com

3

**NOTE**: This correspondence is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and may contain privileged and confidential material. It is intended to be read ONLY by the named recipient(s). If you have received this message in error please notify the sender and discard immediately. Any dissemination, distribution or copying of the communication is strictly prohibited.

*Admit Nothing. Remain Calm.*

**From:** Douglas Park [mailto:dougpark@uoregon.edu]
**Sent:** Wednesday, May 21, 2014 2:58 PM
**To:** Shaun McCrea
**Cc:** Laura Fine; Greg Veralrud; Julia Cohalan
**Subject:** RE: Damyean Dotson- settlement proposal

Hello Shaun, Laura and Greg:

Do you have time to discuss the proposed settlements you sent? If so, my office can set-up a conference call. I added Julia Cohalan to this email string because she is vastly superior to me at coordinating such meetings. If you could "reply all" with your availability that would be great. We'll then confirm a time and call-in number.

Thanks! Doug

**From:** Douglas Park
**Sent:** Monday, May 19, 2014 5:07 PM
**To:** 'Shaun McCrea'
**Cc:** Laura Fine; Greg Veralrud
**Subject:** RE: Damyean Dotson- settlement proposal

Hello Counsel (Shaun, Laura and Greg):

We'll review this as soon as we can and get back to you.

Hope all is well,

Doug

**From:** Shaun McCrea [mailto:shaun@mccreapc.com]
**Sent:** Monday, May 19, 2014 4:21 PM
**To:** Douglas Park
**Cc:** Laura Fine; Greg Veralrud
**Subject:** Re: Damyean Dotson- settlement proposal

Doug:

I hope your allergies are better but my guess is they're not-- based on how I felt this morning.

Attached is a proposed settlement agreement to resolve the issues between Mr. Dotson and the University of Oregon.

I anticipate Laura and Greg will be providing you similar proposals on behalf of their respective clients.

Please let me know.

Thanks

Shaun

Shaun S. McCrea
McCREA P.C.
Attorneys at Law
1147 High Street
Eugene, OR 97401-3270
(541) 485-1182
(541) 485-6847 fax

 This email is free from viruses and malware because avast! Antivirus protection is active.

 This email is free from viruses and malware because avast! Antivirus protection is active.