**Barker, Marcie**

| | |
|---|---|
| **From:** | Douglas Park <dougpark@uoregon.edu> |
| **Sent:** | Tuesday, May 27, 2014 8:53 AM |
| **To:** | 'veralrud@oregonattorney.com'; Laura A. Fine (finelaw@qwestoffice.net); 'Shaun McCrea' |
| **Subject:** | RE: Evidence |

Good Morning Counsel:

I reviewed this matter further with our Student Affairs administrators and they are ok with allowing one or more of the accused students to proceed via an administrative conference, even if one of the other accused students wishes to proceed via a panel hearing.

Hope that assists with the decision-making process. Please let me know how your clients elects to proceed by the end of the day. If we do not hear back from you by the end of the day, all matters will proceed to the consolidated panel hearing set for May 30, 2014.

Thank you for your assistance with these matters,

Doug

-------- Original Message --------
Subject: RE: Evidence
From: Douglas Park <dougpark@uoregon.edu>
Date: Mon, May 26, 2014 1:48 pm
To: "veralrud@oregonattorney.com" <veralrud@oregonattorney.com>, "Laura A. Fine" <finelaw@qwestoffice.net>, "'Shaun McCrea'" <shaun@mccreapc.com>

Hi Greg:

Due to the overlapping issues, if we have to do a full panel hearing, all three matters will be consolidated into a single panel hearing. However, that does not mean all three accused students must litigate the panel hearing. For example, if Mr. Dotson and Mr. Artis wanted to admit responsibility for the charged misconduct at the beginning of the panel hearing, they could do so even if Mr. Austin chose not to. The remainder of the hearing would then be devoted to determining whether Mr. Austin was responsible.

In this example, if Mr. Dotson and Mr. Artis admitted responsibility at the beginning of the hearing, UO would consider that to be a waiver of their panel hearing right. Accordingly, at the sanctioning phase of the hearing, UO would still offer them the same deal as if they proceeded via an administrative conference. In other words, at the sanctioning phase, UO would agree to the following for Mr. Dotson and Mr. Artis: not seek expulsion and instead seek a seek suspension and order to not come on UO property or attend UO events for the duration of the suspension; place only a generic statement on the transcript regarding student-conduct violations, instead of a specific statement outlining the misconduct; not disclose the results of the hearing to anyone, except as permitted by FERPA or required by law. If Mr. Dotson and Mr. Artis would like to proceed via this route, we'll need to confirm that by tomorrow so we know whether it will be necessary to complete preparations for a panel hearing against them.

1

One other clarification, if all three accused students waive the panel hearing and elect an administrative conference, they may still have separate administrative conferences wherein they may admit responsibility or contest the charges. The sticking-point is that UO will not agree to doing a full panel hearing, and then in addition to that, doing administrative conferences for some students. Again, given the overlapping parties, alleged acts and evidence, doing that doesn't seem fair to the complainant or UO.

Hope that's helpful,

Doug

---

**From:** veralrud@oregonattorney.com [mailto:veralrud@oregonattorney.com]
**Sent:** Saturday, May 24, 2014 12:04 PM
**To:** Douglas Park; Laura A. Fine
**Cc:** 'Shaun McCrea'
**Subject:** RE: Evidence

Doug-
So to be clear…if for example Mr. Artis and Mr. Dotson wanted to proceed as you have proposed and accepted by Tuesday as you've requested, but Mr. Austin did not, the university would withdraw its proposal as to the two who have accepted? I appreciate your attention to this.
Regards, Greg Veralrud

> -------- Original Message --------
> Subject: RE: Evidence
> From: Douglas Park <dougpark@uoregon.edu>
> Date: Fri, May 23, 2014 4:57 pm
> To: "Laura A. Fine" <finelaw@qwestoffice.net>
> Cc: "veralrud@oregonattorney.com" <veralrud@oregonattorney.com>,
> "'Shaun McCrea'" <shaun@mccreapc.com>
>
> Colleagues:
>
> I previously sent what's below to Greg, but since it appears everyone is cc'ing each other, I'm resending to everyone.
>
>> The recordings are public records, and I thought they could be released since the DA's Office declined prosecution. Is that right? If so, you should be able to obtain a copy of the recordings through a public records request. Regardless, I assume your client can testify to the contents of his conversations, as can the other accused students.
>>
>> Regarding the "all or nothing" question, due to the overlapping evidence, same potential witnesses, and group nature of the alleged misconduct, I believe the University may appropriately exercise its discretion to consolidate the case into a single panel hearing. There is no benefit to the University or the complainant to doing a full panel hearing for one student, and then doing the case over in

separate administrative conferences for the two other students. Thus, I'm guessing the decision will remain "all or nothing."

I'm sorry to hear your client may think the proposal is not much of a deal. From the our perspective, the accused students are getting a great deal. We're not asking them to "plead guilty." Nor are we asking them to limit what they put before a hearings officer. If the accused students elect an administrative conference, they may still maintain their innocence; they may make any argument they like; and they may place in the record any relevant information they wish to. We believe the same result should occur regardless of whether a case runs through an administrative conference or panel hearing, just like the same result should occur regardless of whether a defendant proceeds via jury trial or bench trial. In short, the accused students would not be giving up their rights to notice of the charges, and an opportunity for a fair determination by a neutral fact-finder if they choose an administrative conference. In return, they get guarantees on potential sanctions if they are found responsible. We think that is a fair deal.

Anyway, I appreciate your assistance and thoughts on these matters. If folks agree to the proposal, I think that would benefit all parties involved. But if not, that's ok too – we'll just proceed through the panel hearing.

Hope you all have a good weekend!

Doug

---

**From:** Laura A. Fine [mailto:finelaw@qwestoffice.net]
**Sent:** Friday, May 23, 2014 3:54 PM
**To:** Douglas Park
**Cc:** veralrud@oregonattorney.com; 'Shaun McCrea'
**Subject:** Evidence

Hi Doug

As you know, we are copying each other on all correspondence with you to avoid duplicating effort and inundating you with requests/information.

I want to echo what Greg said about needing to have subpoenas issued. I previously joined in his request. He is absolutely correct about the audio tapes.
But in addition, ▮▮▮▮▮▮ own friends told investigators that "she wasn't drunk" and "she wasn't that drunk." Another party goer waked in on them in the bathroom and saw ▮▮▮▮▮▮ return to the bathroom, even after she was allegedly "raped."

This directly contradicts ▮▮▮▮▮ allegations. Those witnesses need to be heard by the panel to help them determine matters of credibility.

Another example: ▮▮▮▮▮ claims she was dragged and forced into a cab. Yet her friends told investigators that they tried to talk her out of going with the boys but she refused to go with them.
Their testimony directly contradicts her assertion and there is no earthly reason to exclude them from providing information to the panel.
Their testimony corroborates the boys' version of events and is absolutely relevant and necessary for the finder of fact.

You may have never issued subpoenas before, but the law contemplates it and the fact that you haven't done it before is not a justification for failing to do it now. Without compelling attendance of our witnesses, our clients will be denied a fair hearing.

On that note – have a great weekend.

Laura

Laura Fine Moro
Law Office of Laura Fine Moro, P.C.
541 Willamette Street, Ste 403
Eugene, OR 97401
(541) 341-4542 phone
(541) 341-4542 fax
www.LauraFineMoro.com

**NOTE**: This correspondence is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and may contain privileged and confidential material. It is intended to be read ONLY by the named recipient(s). If you have received this message in error please notify the sender and discard immediately. Any dissemination, distribution or copying of the communication is strictly prohibited.

*Admit Nothing. Remain Calm.*


This email is free from viruses and malware because avast! Antivirus protection is active.

4