**Barker, Marcie**

---

**From:** Douglas Park <dougpark@uoregon.edu>
**Sent:** Tuesday, May 27, 2014 8:48 AM
**To:** 'veralrud@oregonattorney.com'
**Subject:** RE: Evidence

Hi Greg:

I reviewed this matter with our Student Affairs administrators and they are ok with allowing one or more of the accused students to proceed via administrative conference, even if one or two of the other accused students wish to proceed via panel hearing. I'll let Shaun and Laura know too.

Hope that assists with the decision-making process. Please let me know how your client elects to proceed by the end of the day.

Thanks,

Doug

---

**From:** veralrud@oregonattorney.com [mailto:veralrud@oregonattorney.com]
**Sent:** Monday, May 26, 2014 7:32 PM
**To:** Douglas Park
**Subject:** RE: Evidence

Doug-
So I can tell my client in simple terms: even if he tells you by tomorrow he wants an admin hearing on responsibility to speak his side of the story, you will withdraw that option if one or both of the others does not take the same option to determine responsibility (I don't see any of them agreeing they engaged on non consensual sex, so an admin. decision only on sanction is not realistic.)
If that is so, please consider this an objection to a joint hearing and a request that Mr. Artis be granted a hearing separate from the other students you now seek to prosecute jointly. In addition to being unfairly tied to the others as to hearing options as noted above, the joint hearing violates his right to privacy under the rules and regulations regarding a student's conduct and affairs while a student at the university. Additionally, by forcing him to hearing with two other students whose actions toward the complainant are different (e.g. Mr. Artis was not a participant in any of the initial sexual activity between the complainant and Dotson and Austin and it is likely the complainant will agree that sexual relations between her and Mr. Artis following her encounter with all three was consensual.) If focused solely on the issue of consent between her and Mr. Artis, the panel could reasonably come to a different conclusion as relates to sexual activity between him and the complainant. Mr. Artis is available for a separate hearing as is convenient for the university.
I understand there is no liklihood the University will grant this request, but I am obliged to make it and contend it is fair to the person accused and facing the extreme sanctions you've already apparently determined appropriate.
Given that a hearing is likely, I must continue to request that the university use its subpena power (I presume the University retains that power while an accused has none because the university is expected to proceed in fairness and is expected to put all reasonably relevant evidence in front of the factfinder). My example of the value to the panel hearing the actual taped conversation between the complainant and Mr. Artis discussing the exact issues in front of the panel (her claim of vocal protest and lack of capacity to consent because of intoxication and Mr. Artis' claim that neither is accurate) was just that; an example of why the fact finding function of the panel is enhanced by using the subpena power fairly. That said , it is the most powerful piece of evidence on point. Your response that we can get the tape through a request

to the city may be accurate in the long run, but not in time for the hearing on the 30th. As you are no doubt aware, a request under relevant right to information laws takes weeks to process. My request for a continuance made some weeks back was denied. I re raise that request to allow Mr. Artis time to secure the tape through his formal request, and ask for 30 days to secure it if the university refuses to subpena it. Your suggestion that the parties' respective descriptions of the tape is a sufficient substitute does not square with human experience. The conversation took place over two months ago and the panel will miss the opportunity to hear inflection, tone and exact verbiage. The investigating officer's report summarizes the taped conversation only briefly, but makes clear that Mr. Artis does not know what the complainant is talking about as she tries to get him to agree that she was too intoxicated to consent or that she was an unwilling participant. It's difficult to conclude anything other than that the university does not want the panel to hear objective and third party evidence that supports Mr. Artis. If the university won't willingly seek evidence aimed at determining the truth and refuses to give Mr. Artis enough time to get it himself, I request that the panel be allowed to decide whether or not it would be relevant and the university abide by that decision.
Regards, Greg Veralrud

> -------- Original Message --------
> Subject: RE: Evidence
> From: Douglas Park <dougpark@uoregon.edu>
> Date: Mon, May 26, 2014 1:48 pm
> To: "veralrud@oregonattorney.com" <veralrud@oregonattorney.com>, "Laura A. Fine" <finelaw@qwestoffice.net>, "'Shaun McCrea'" <shaun@mccreapc.com>
>
> Hi Greg:
>
> Due to the overlapping issues, if we have to do a full panel hearing, all three matters will be consolidated into a single panel hearing. However, that does not mean all three accused students must litigate the panel hearing. For example, if Mr. Dotson and Mr. Artis wanted to admit responsibility for the charged misconduct at the beginning of the panel hearing, they could do so even if Mr. Austin chose not to. The remainder of the hearing would then be devoted to determining whether Mr. Austin was responsible.
>
> In this example, if Mr. Dotson and Mr. Artis admitted responsibility at the beginning of the hearing, UO would consider that to be a waiver of their panel hearing right. Accordingly, at the sanctioning phase of the hearing, UO would still offer them the same deal as if they proceeded via an administrative conference. In other words, at the sanctioning phase, UO would agree to the following for Mr. Dotson and Mr. Artis: not seek expulsion and instead seek a seek suspension and order to not come on UO property or attend UO events for the duration of the suspension; place only a generic statement on the transcript regarding student-conduct violations, instead of a specific statement outlining the misconduct; not disclose the results of the hearing to anyone, except as permitted by FERPA or required by law. If Mr. Dotson and Mr. Artis would like to proceed via this route, we'll need to confirm that by tomorrow so we know whether it will be necessary to complete preparations for a panel hearing against them.
>
> One other clarification, if all three accused students waive the panel hearing and elect an administrative conference, they may still have separate administrative conferences wherein they may admit responsibility or contest the charges. The sticking-point is that UO will not agree to doing a full panel hearing, and then in addition to that, doing administrative conferences for some students. Again, given the overlapping parties, alleged acts and evidence, doing that doesn't seem fair to the complainant or UO.
>
> Hope that's helpful,
>
> Doug

2

**From:** veralrud@oregonattorney.com [mailto:veralrud@oregonattorney.com]
**Sent:** Saturday, May 24, 2014 12:04 PM
**To:** Douglas Park; Laura A. Fine
**Cc:** 'Shaun McCrea'
**Subject:** RE: Evidence

Doug-
So to be clear…if for example Mr. Artis and Mr. Dotson wanted to proceed as you have proposed and accepted by Tuesday as you've requested, but Mr. Austin did not, the university would withdraw its proposal as to the two who have accepted? I appreciate your attention to this.
Regards, Greg Veralrud

> -------- Original Message --------
> Subject: RE: Evidence
> From: Douglas Park <dougpark@uoregon.edu>
> Date: Fri, May 23, 2014 4:57 pm
> To: "Laura A. Fine" <finelaw@qwestoffice.net>
> Cc: "veralrud@oregonattorney.com" <veralrud@oregonattorney.com>,
> "'Shaun McCrea'" <shaun@mccreapc.com>
>
> Colleagues:
>
> I previously sent what's below to Greg, but since it appears everyone is cc'ing each other, I'm resending to everyone.
>
>> The recordings are public records, and I thought they could be released since the DA's Office declined prosecution. Is that right? If so, you should be able to obtain a copy of the recordings through a public records request. Regardless, I assume your client can testify to the contents of his conversations, as can the other accused students.
>>
>> Regarding the "all or nothing" question, due to the overlapping evidence, same potential witnesses, and group nature of the alleged misconduct, I believe the University may appropriately exercise its discretion to consolidate the case into a single panel hearing. There is no benefit to the University or the complainant to doing a full panel hearing for one student, and then doing the case over in separate administrative conferences for the two other students. Thus, I'm guessing the decision will remain "all or nothing."
>>
>> I'm sorry to hear your client may think the proposal is not much of a deal. From the our perspective, the accused students are getting a great deal. We're not asking them to "plead guilty." Nor are we asking them to limit what they put before a hearings officer. If the accused students elect an administrative conference, they may still maintain their innocence; they may make any argument they like; and they may place in the record any relevant information they wish to. We believe the same result should occur regardless of whether a case runs through an administrative conference or panel hearing,

> just like the same result should occur regardless of whether a defendant proceeds via jury trial or bench trial. In short, the accused students would not be giving up their rights to notice of the charges, and an opportunity for a fair determination by a neutral fact-finder if they choose an administrative conference. In return, they get guarantees on potential sanctions if they are found responsible. We think that is a fair deal.
>
> Anyway, I appreciate your assistance and thoughts on these matters. If folks agree to the proposal, I think that would benefit all parties involved. But if not, that's ok too – we'll just proceed through the panel hearing.

Hope you all have a good weekend!

Doug

---

**From:** Laura A. Fine [mailto:finelaw@qwestoffice.net]
**Sent:** Friday, May 23, 2014 3:54 PM
**To:** Douglas Park
**Cc:** veralrud@oregonattorney.com; 'Shaun McCrea'
**Subject:** Evidence

Hi Doug

As you know, we are copying each other on all correspondence with you to avoid duplicating effort and inundating you with requests/information.

I want to echo what Greg said about needing to have subpoenas issued. I previously joined in his request. He is absolutely correct about the audio tapes.
But in addition, ▓▓▓▓▓▓ own friends told investigators that "she wasn't drunk" and "she wasn't that drunk." Another party goer waked in on them in the bathroom and saw ▓▓▓▓▓▓ return to the bathroom, even after she was allegedly "raped."
This directly contradicts ▓▓▓▓▓▓ allegations. Those witnesses need to be heard by the panel to help them determine matters of credibility.

Another example: ▓▓▓▓▓▓ claims she was dragged and forced into a cab. Yet her friends told investigators that they tried to talk her out of going with the boys but she refused to go with them.
Their testimony directly contradicts her assertion and there is no earthly reason to exclude them from providing information to the panel.
Their testimony corroborates the boys' version of events and is absolutely relevant and necessary for the finder of fact.

You may have never issued subpoenas before, but the law contemplates it and the fact that you haven't done it before is not a justification for failing

4

to do it now. Without compelling attendance of our witnesses, our clients will be denied a fair hearing.

On that note – have a great weekend.

Laura

Laura Fine Moro
Law Office of Laura Fine Moro, P.C.
541 Willamette Street, Ste 403
Eugene, OR 97401
(541) 341-4542 phone
(541) 341-4542 fax
www.LauraFineMoro.com

**NOTE**: This correspondence is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and may contain privileged and confidential material. It is intended to be read ONLY by the named recipient(s). If you have received this message in error please notify the sender and discard immediately. Any dissemination, distribution or copying of the communication is strictly prohibited.

*Admit Nothing. Remain Calm.*

 This email is free from viruses and malware because avast! Antivirus protection is active.