**Michael Porter, P.C.**, OSB No. 003560
mike.porter@millernash.com
**Naomi Levelle Haslitt**, OSB No. 075857
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  503.224.5858
Facsimile:  503.224.0155

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **BRANDON AUSTIN**,<br><br>                    Plaintiff,<br><br>    v.<br><br>**UNIVERSITY OF OREGON**; **SANDY WEINTRAUB**; **CHICORA MARTIN**; **ROBIN HOLMES**; and **MICHAEL R. GOTTFREDSON**, all in their individual capacities only,<br><br>                    Defendants. | Case No.:  6:15-cv-02257-MC (Lead Case)<br>Case No.:  6:16-cv-00647-MC (Member Case)<br><br>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR ATTORNEY FEES AND COSTS |
| **DOMINIC ARTIS** and **DAMYEAN DOTSON**,<br><br>                    Plaintiff,<br><br>    v.<br><br>**UNIVERSITY OF OREGON**; **SANDY WEINTRAUB**; **CHICORA MARTIN**; **ROBIN HOLMES**; and **MICHAEL R. GOTTFREDSON**,<br><br>                    Defendants. | |

Page 1 -    Defendants' Reply in Support of Their Motion for Attorney Fees and Costs

4815-5789-2688

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## I.  INTRODUCTION

Plaintiffs' Opposition[1] confirms that plaintiffs lacked any basis in fact or law for asserting due process claims against Sandy Weintraub, Chicora Martin, Robin Holmes, and Michael Gottfredson (the "Individual Defendants") or for seeking the Court's reconsideration of its dismissal of plaintiffs' due process claims.  Fundamentally, plaintiffs argued that they were entitled to more process than they received despite the undisputed fact that plaintiffs bargained for the process they received and voluntarily waived the additional process offered by the University—*which included, waiving the opportunity to cross examine witnesses and appeal the outcome of their hearing*.  Nothing in plaintiffs' Opposition or Supplemental Memorandum rebuts that plaintiffs received the process they bargained for—undercutting any reasonable basis for plaintiffs to assert that any of the Individual Defendants infringed upon plaintiffs' purported constitutional rights or denied process to which plaintiffs were purportedly entitled.  The University, on behalf of all defendants (collectively "Defendants"), therefore continues to request the reasonable attorney fees it expended in defending the Individual Defendants against plaintiffs' unfounded and frivolous due process claims.

## II.  ARGUMENT

**A.    The Court May Award Fees Incurred by the University on Behalf of the Individual Defendants.**

Plaintiffs argue that the Court should not award attorney fees because "the 'University' paid the fees associated with defending the § 1983 claims" even though plaintiffs "did not actually sue the University under 42 U.S.C. § 1983." Dkt. No. 70 (lead case), at 21; *see also* Dkt. No. 85 (member case), at 2 ("Plaintiffs Artis and Dotson incorporate and adopt Plaintiff Austin's Memorandum in Opposition").  This argument is unsupported by law or reason.

---

[1] Defendants refer to Plaintiff Brandon Austin's Memorandum of Law in Opposition to the Pending "Motion for Attorney Fees and Costs" (Dkt. No. 70) and Plaintiffs' Dominic Artis and Damyean Dotson Response to Defendants' Motion for Attorney Fees (Dkt. No. 73) collectively as plaintiffs' "Opposition."  Defendants refer to Plaintiff's Supplemental Memorandum in Further Opposition to the Pending "Motion for Attorney Fees and Costs" filed on September 29, 2017, as plaintiffs' "Supplemental Memorandum."

Page 1 -    Defendants' Reply in Support of Their Motion for Attorney Fees and Costs

4815-5789-2688

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Prevailing civil rights defendants may be awarded "a reasonable attorney's fee." 42 USC § 1988(b). There is no dispute that "the four individual Defendants who were named in the § 1983 claim" prevailed on plaintiffs' due process claim.[2] Dkt. No. 70 (lead case), at 21. And plaintiffs have not offered any authority showing that prevailing civil rights defendants are precluded from recovering fees that are reasonably incurred in their defense, but paid by a co-defendant.[3] Nor does anything in Section 1988 preclude a fee award under these circumstances.

Moreover, the purpose of allowing prevailing civil rights defendants to recover a reasonable attorney fees under Section 1988 is to encourage defendants to retain independent counsel—ensuring the effective prosecution of civil rights claims. *Elwood v. Dreschler*, 456 F3d 943, 948 (9th Cir 2006). Denying the Individual Defendants' fees would be inconsistent with this purpose and, consequently, the Court may award reasonable attorney fees based on the cost of defending the Individual Defendants against plaintiffs' Section 1983 claims.

**B.    Plaintiffs Do Not Rebut That Their Due Process Claims and Motions for Reconsideration Were Frivolous.**

1.    <u>Plaintiffs' due process claims were frivolous</u>.

Plaintiffs fail entirely to show how it was reasonable for them to claim a right to procedures that they—with the advice of legal counsel—voluntarily waived.

Plaintiffs equivocally suggest that their claims were not factually frivolous *either* because they "did not waive [their] right to due process" when they "accepted the 'administrative conference' option" *or* because their "waiver should not be enforced." Dkt. No. 70 (lead case), at 9 ("Mr. Austin's counsel accepted the 'administrative conference' option"), 22. The inconsistent nature of those assertions confirms that their claims were unfounded. And there is no dispute that plaintiffs bargained with the University to receive an administrative conference

---

[2] Defendants' motion was filed on behalf of all defendants—the University of Oregon *and* the Individual Defendants. Dkt. No. 63 (lead case), at 2; Dkt. No. 75 (member case), at 2.

[3] In fact, the University was required by statute to defend and indemnify the Individual Defendants against "any tort claim * * * arising out of an alleged act or omission occurring in the performance of" their employment with the University. *See* ORS 30.285(1).

Page 2 -    Defendants' Reply in Support of Their Motion for Attorney Fees and Costs

4815-5789-2688

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

instead of a panel hearing (which would have provided more robust process).[4]  Had plaintiffs elected a panel hearing, under the then-governing regulations plaintiffs would have been entitled to:  (i) request that the chair of the panel subpoena relevant witnesses, OAR 571-021-0210(8); (ii) ask questions of witnesses, including cross examining their accuser and other witnesses, OAR 571-021-0210(13); and (iii) appeal the outcome of their hearings, OAR 571-021-0250, among other procedures.  *See also* Dkt. No. 12 (member case), at 33-34.  Instead, in exchange for removing expulsion as a possible sanction, plaintiffs elected to receive an administrative conference, which under the then-governing regulations did not offer any of these procedures.

          Plaintiffs' appeal to ignore their voluntary waiver of process is an untenable suggestion as a practical matter (functionally proclaiming that the University should have disregarded plaintiffs' choice of format) and as a legal matter (disregarding the undisputed fact that "[p]laintiffs were allowed to consult counsel in choosing their preferred format" for their conduct hearing (Dkt. No. 34 (lead case), at 10 n.4)).  Further, plaintiffs' "conclusory statement[]" that their waiver is not enforceable is not a factual allegation that is entitled to the presumption of truth.  *See Ashcroft v. Iqbal*, 556 US 662, 678-79, 129 S Ct 1937, 173 L Ed 2d 868 (2009).  Because plaintiffs (a) consulted with legal counsel, (b) voluntarily agreed to certain hearing procedures, which did not include the right to cross examine witnesses, and (c) did not allege that any of the agreed upon procedures were withheld, plaintiffs lacked any reasonable factual basis to argue that they were not provided adequate process under the law.

          Plaintiffs also lacked any reasonable legal basis for their claims.  Plaintiffs suggest that their claims were not legally frivolous *either* because "numerous cases provided support for counsel's argument" concerning plaintiffs' proposed constitutional rights *or* because "the issue of whether these rights are well-established enough to overcome qualified immunity presented 'difficult issues not previously resolved' by the Ninth Circuit."  Dkt. No. 70 (lead case),

---

[4] Plaintiffs were offered the option and multiple opportunities to elect a panel hearing at different points but ultimately did not choose to pursue that option.  *See* Dkt. No 43 (lead case), Ex. D.

Page 3 -    Defendants' Reply in Support of Their Motion for Attorney Fees and Costs

4815-5789-2688

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

at 22-23; *see also* Dkt. No. 85 (member case), at 8 ("In sum, this is a case of first impression in this circuit and all other circuits as well."). Again, plaintiff's antithetical positions are not tenable and confirm the frivolity of their claims. Despite plaintiffs' proclamation that abundant authority recognizes the existence of a constitutional right to higher education, collegiate athletics, and a future professional sports career, this Court correctly ruled that *no relevant authority* established these rights. Plaintiffs failed to identify any "independent source * * * [of] law * * * that support[s] [a] claim[] of entitlement"—without which, it is frivolous for them to assert a property right. *See Bd. of Regents of State Colls. v. Roth*, 408 US 564, 577, 92 S Ct 2701, 33 L Ed 2d 548 (1972). And plaintiffs did not assert the deprivation of a fundamental interest—without which, it is frivolous to assert a liberty interest. *See Paul v. Davis*, 424 US 693, 710-11 n. 5, 96 S Ct 1155, 47 L Ed 2d 405 (1976). Plaintiffs thus failed to offer any legal precedent that arguably entitled them to due process. And *Doe v. Univ. of Cincinnati*, 2017 WL 4228791 (6th Cir 2017), does not fill this void because it does not establish—or even reasonably suggest—an entitlement to higher education in Oregon, nor does it establish or reasonably suggest that a student's interest in higher education is fundamental interest deserving constitutional protections.

The most relevant case law that plaintiffs have offered "stark[ly] contrast[s] * * * the rights * * * alleged in the case at hand," and concern the educational rights of K-12 students (*Goss v. Lopez*, 419 US 565, 95 S Ct 729, 42 L Ed 2d 725 (1975)) and the employment rights of medical residents (*Stretten v. Wadesworth Veterans Hosp.*, 537 F2d 361 (9th Cir 1976)), not purported rights to higher education or athletics. *See* Dkt. No. 34 (lead case), at 10. Indeed, plaintiffs' Opposition concedes that the Ninth Circuit has never recognized the proposed rights as constitutionally significant—a concession that affirms the Court's ruling on qualified immunity and is undisturbed by the Sixth Circuit's decision in *Doe v. Univ. of Cincinnati*.

In plaintiffs' Supplemental Memorandum, they argue that *Doe v. Univ. of Cincinnati* "reflects the argument of the Plaintiffs in this case that, regardless of state law, they had established liberty and property interests that entitled them * * * [to] the opportunity for

Page 4 -    Defendants' Reply in Support of Their Motion for Attorney Fees and Costs

4815-5789-2688

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

cross-examination." Dkt. No. 76 (lead case), at 4. As an initial matter, as indicated above, the Sixth Circuit's decision has no bearing on whether the Individual Defendants were entitled to qualified immunity because it was issued after their alleged conduct and is not binding in our jurisdiction. *See Ashcroft v. al-Kidd*, 563 US 731, 131 S Ct 2074, 2080, 179 L Ed 2d 1149 (2011) (quoting *Harlow v. Fitzgerald*, 457 US 800, 818, 102 S Ct 2727, 73 L Ed 2d 396 (1982)) ("Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.").

Moreover, *Doe v. Univ. of Cincinnati* does not bolster plaintiffs' argument that their claim to due process was not frivolous based on the factual circumstances presented here—namely, plaintiffs' voluntary waiver of the process denied in *Doe v. Univ. of Cincinnati*. There, the Sixth Circuit affirmed a preliminary injunction of Doe's suspension after the university denied him the opportunity to submit written cross examination of his accuser at his panel hearing. 2017 WL 4228791, at *1 ("Defendants' failure to provide any form of confrontation to the accuser made the proceeding against John Doe fundamentally unfair.").[5] Here, conversely, the University provided plaintiffs the opportunity to conduct oral cross examination of their accuser, but plaintiffs voluntarily waived this opportunity and selected hearing procedures that did not include cross examination. Plaintiffs did not refute, nor could they, that University offered them a panel hearing in which they would have been able to "ask relevant questions of witnesses," including of their accuser. *See* 571-021-0210(13) (2014 Edition). But plaintiffs instead selected an administrative conference, which did not provide for cross examination. *See* OAR 571-02100205 (2014 Edition). Plaintiffs' waiver distinguishes their case factually and legally from *Doe v. Univ. of Cincinnati*.

---

[5] The University of Cincinnati's student code of conduct provides that at an accused student may submit written cross examination questions of any witness and requires that any statements of witnesses who are not present at the hearing be notarized. *Doe v. Univ. of Cincinnati*, 223 F Supp 3d at 711. Unlike plaintiffs, Doe did not waive these procedures.

Page 5 -   Defendants' Reply in Support of Their Motion for Attorney Fees and Costs

4815-5789-2688

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Because there is no legal foundation to support plaintiffs' assertion of a constitutionally-protected right (especially given plaintiffs' express and voluntary waiver) and no relevant case law that clearly establishes the proposed rights, plaintiffs lacked any reasonable legal basis to argue that they were entitled to additional process.

2. <u>Plaintiffs' Motions for Reconsideration were especially frivolous</u>.

Similarly, plaintiffs' arguments underscore that it was unreasonable to seek the Court's reconsideration of its dismissal of plaintiffs' due process claims. Plaintiffs argue that Defendants should not be awarded fees because plaintiffs did not file their motion "in bad faith" and because they "simply urged this Court's reconsideration of the impact of [*Stretten*] and * * * consideration of new evidence," including plaintiffs' scholarships. Dkt. No. 70 (lead case), at 23.

But the criterion for awarding fees to a prevailing civil rights defendant is whether plaintiffs' conduct was frivolous, unreasonable, or without foundation—not whether plaintiffs acted in bad faith. *Christiansburg Garment Co. v. EEOC*, 434 US 412, 421, 98 S Ct 694, 54 L Ed 2d 648 (1978). And in almost all cases, a motion for reconsideration is frivolous, unreasonable, and without foundation unless it (a) presents an intervening change in controlling law, (b) offers newly discovered evidence, or (c) identifies clear legal error that resulted in a manifest injustice. *See School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F3d 1255, 1263 (9th Cir 1993), *cert. denied*, 512 US 1236, 114 S Ct 2742 (1994) (appropriate grounds for reconsideration).

In this case, the Court held that plaintiffs' motion "fail[ed] to elicit law or facts warranting reconsideration." Dkt. No. 55 (lead case), at 1. Urging the Court to reconsider a case discussed in its opinion is quite different than informing the Court of an intervening change in controlling law—and it is not reasonable basis for plaintiffs' motion. Similarly, the Court "had considered the terms of [plaintiffs'] scholarships"[6] when it dismissed their due process claims and

---

[6] The terms of plaintiffs' scholarships were already in the record considered by the Court on the motion to dismiss. Dkt. No. 20 (lead case), Ex. A (2013-2014 scholarship agreement for Mr. Austin); Dkt. No. 13 (member case), Ex. A (2013-2014 scholarship agreements for Mr. Artis and Mr. Dotson).

Page 6 -  Defendants' Reply in Support of Their Motion for Attorney Fees and Costs

4815-5789-2688

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

ruled that "[t]his evidence [was] not newly-offered, let alone *newly discovered*" (Dkt. No. 55 (lead case), at 3)—which again shows that it was unreasonable to seek the Court's reconsideration. Defendants incurred fees opposing plaintiffs' frivolous motions for reconsideration and should be awarded a reasonable attorney's fee to recover this expense.[7]

### C. Defendants' Attorney Fees Are Reasonable and Apportioned According To the "Time Expended" Method Followed By the Ninth Circuit.

1. <u>Defendants seek a reasonable attorney fees</u>.

Plaintiffs request that the fee award be reduced by an unspecified amount to "balance the harm caused to the defendants in having to defend against frivolous claims with the deterrent effect that a large award may have." Dkt. No. 70 (lead case), at 24 n.85 (quoting *Thomas v. City of Tacoma*, 410 F3d 644 (9th Cir 2005)).[8] But prevailing civil rights defendants may recover a reasonable attorney fees; and here, the fees sought by Defendants are reasonable and already account for a significant reduction in recoverable fees.

Plaintiffs do not challenge the scope of defense counsels' work, any of defense counsels' time entries, or the billing rate of any time keepers. As explained in Defendants' motion, Defendants' incurred substantially more fees than they seek to recover—including additional fees that are recoverable under Section 1988. And the two cases cited by plaintiffs are distinguishable from the instant case and do not support reducing the fee award here. In *Thomas*,

---

[7] Mr. Austin argues that he should not be allocated any fees for this motion because he "simply filed a one-page joinder" of Mr. Artis and Mr. Dotson's motion. Dkt. No. 70 (lead case), at 23. But Defendants filed a single memorandum in opposition and therefore incurred equal fees with respect to all plaintiffs in opposing their motions for reconsideration.

[8] Mr. Artis and Mr. Dotson also argue that the fees sought by Defendants are "an oppressive and unnecessary hardship on these financially strained athletes * * * who have yet to establish themselves on firm financial footing." Dkt. No. 85 (member case), at 8. Both of these plaintiffs are currently professional basketball players, and Mr. Dotson recently signed a multi-million dollar contract with the New York Knicks. http://www.nba.com/teams/knicks (Mr. Dotson: New York Knicks 2017-2018 roster); http://basketball.eurobasket.com/team/Poland/Czarni-Slupsk/153?Page=1 (Mr. Artis: Energa Czabu Slupsk (Polish Basketball League) 2017-2018 roster). Relatedly, Mr. Austin has also played professional basketball since leaving the University. https://basketball.realgm.com/international/league/74/Canadian-NBL/team/1425/Orangeville-As/rosters/2016
(Mr. Austin: Orangeville A's (Canadian Basketball League) 2015-2016 roster).

Page 7 -   Defendants' Reply in Support of Their Motion for Attorney Fees and Costs

4815-5789-2688

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

the Ninth Circuit ruled that it was not an abuse of discretion for the district court to deny attorney fees to the Tacoma Police Department and other prevailing defendants where the plaintiff had prevailed at trial—and been awarded punitive damages—on a constitutional claim against an officer in the Tacoma Police Department. 410 F3d at 647, 651. And in *Taylor v. Beckett*, 2017 WL 3367091 (D Nev August 4, 2017), a District of Nevada court reduced the prevailing defendants' fee award from the requested amount after ruling that the plaintiff's lawsuit "was not entirely frivolous from the outset." 2017 WL 3367091, at *1.

In contrast, plaintiffs' due process claims were frivolous from the outset. Plaintiffs were not deprived of any constitutional rights (much less clearly established rights) *and* plaintiffs bargained for the process they received. In addition, Defendants prevailed on *all* claims, yet seek an already-reduced fee award based only on plaintiffs' due process claims. Awarding fees in this case will not deter *non*frivolous lawsuits against the University.

Moreover, plaintiffs' argument that their due process claims presented novel legal issues undermines their argument that the fee award should be reduced because the existence of a novel or difficult legal question is a basis for awarding a full fee recovery under the "lodestar" amount. *See e.g.*, *Morales v. City of San Rafael*, 96 F3d 359, 364 n.9 (9th Cir 1996), *opinion amended on denial of reh'g*, 108 F3d 981 (9th Cir 1997) ("Among the subsumed factors presumably taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are: (1) the novelty and complexity of the issues * * *.") (internal quotation marks and citation omitted); *see also* Dkt. No. 70 (lead case), at 22-23 (plaintiffs' due process claims "presented 'difficult issues not previously resolved' by the Ninth Circuit"); Dkt. No. 85 (member case), at 8 ("this is a case of first impression").

2. Defendants apportioned fees according to the "time expended" method.

Plaintiffs also request that the Court apportion any award of attorney fees "on an equal basis among each of the Plaintiffs" because Defendants "inexplicably" seek more fees from Mr. Austin than from the other plaintiffs. Dkt. No. 70 (lead case), at 24. Defendants' motion and

Page 8 -   Defendants' Reply in Support of Their Motion for Attorney Fees and Costs

4815-5789-2688

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

supporting declarations explained how fees should be apportioned based on the time expended in defending against Mr. Austin's due process claim and against Mr. Artis and Mr. Dotson's due process claim. *See Corder v. Gates*, 947 F2d 374, 382-83 (9th Cir 1991) (explaining that apportioning fees "based on the number of hours that the [prevailing party] reasonably expended [litigating] against" each losing party is consistent with the lodestar calculation); *see also* Dkt. No. 63 (lead case), at 12-14 (explaining apportionment of fees between claims and plaintiffs). Accordingly, the fee award should be apportioned as set forth in Defendants' motion.

### D. The Court Should Timely Rule on Defendants' Motion.

Finally, the Court should not take up Plaintiffs' suggestion that the Court "exercise its right to defer its ruling until after the Ninth Circuit rules on the viability of [plaintiffs'] 42 U.S.C. § 1983 claim." Dkt. No. 70 (lead case), at 24. Defendants have incurred significant fees defending against plaintiffs' frivolous claims and meritless lawsuit over the course of more than 18 months. Although plaintiffs have filed a notice of appeal, this Court's ruling on qualified immunity is unlikely to be reversed given the absence of any relevant precedent establishing the constitutional rights proposed by plaintiffs. Plaintiffs' forthcoming appeal, therefore, should not impede Defendants' timely recovery of reasonable attorney fees.

////

Page 9 -    Defendants' Reply in Support of Their Motion for Attorney Fees and Costs

4815-5789-2688

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

### III.   CONCLUSION

For the reasons discussed above and in Defendants' motion, Defendants respectfully request that the Court grant Defendants' motion and award Defendants their reasonable attorney's fee of $52,142.25 for defending against plaintiffs' due process claims.

DATED this 2nd day of October, 2017.

MILLER NASH GRAHAM & DUNN LLP

/s/ Naomi Levelle Haslitt
Naomi Levelle Haslitt, OSB No. 075857
naomi.haslitt@millernash.com
Michael Porter, P.C., OSB No. 003560
mike.porter@millernash.com
Phone: 503.224.5858; Fax: 503.224.0155
Attorneys for Defendants

Page 10 -   Defendants' Reply in Support of Their Motion for Attorney Fees and Costs

4815-5789-2688

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

CERTIFICATE OF SERVICE

      I hereby certify that on October 2, 2017, I electronically filed the foregoing Defendants' Reply in Support of Their Motion for Attorney Fees and Costs using the CM/ECF system and that by doing so I served the foregoing on all parties of record in the subject case via CM/ECF system transmission.

      DATED this 2nd day of October, 2017.

    /s/ Naomi Levelle Haslitt
    Naomi Levelle Haslitt, OSB No. 075857
    *Of Attorneys for Defendants*

Page 1 -    Certificate of Service

4815-5789-2688

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204